78  605
54a 436
———
78    605
95a  ⊦104

# WILLIAM GOLDIE

*v.*

# ALEXANDER MCDONALD *et al.*

1. PRACTICE—*time of filing affidavit of claim.* An affidavit of claim filed more than ten days before the convening of the court for the term at which the declaration is filed, will be regarded as having been filed "with the declaration," within the meaning of the statute.

2. SAME—*amendment.* Where an affidavit of claim, filed with the declaration, was sworn to before a notary public of another State, it was not error to permit an additional certificate made by such notary, that, by the

606        GOLDIE v. McDONALD *et al.*        [Sept. T.

Opinion of the Court.

laws of such State, he was authorized to administer oaths, to be filed by way of amendment.

3. SAME—*plea without affidavit of merits—when stricken from files.* Where an affidavit of claim was filed with the declaration, and the defendant was allowed full five days within which to file an affidavit of merits with his plea, and failed to do so, it was proper to strike the plea from the files, and render judgment against the defendant, as upon default.

4. SAME—*presumption as to residence of defendant.* A defendant will be presumed to be a resident of the county in which he was served with process, within the meaning of sec. 37 of the Practice Act, Revised Laws 1874, until, in some appropriate manner, it is made to appear, from the evidence, he is not.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BONFIELD, SWEZEY & SMITH, for the appellant.

Mr. JOHN A. OWEN, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The amendments permitted to be made to the pleadings in this case, were all within the discretion of the court. An affidavit of claim filed more than ten days before the convening of the court for the term at which the declaration is filed, will be regarded as having been filed "with the declaration," within the meaning of the statute on that subject. R. S. 1874, p. 779, sec. 37.

It was proper for the court to permit the additional certificate of the notary public to be filed, showing that, under the laws of the State of Wisconsin, he had authority to administer oaths. The amendment to the certificate of the notary to the affidavit of claim, it being under his official seal, made it *prima facie* evidence, under the statute, that the oath required by law to be made, was taken before such officer. R. S. 1874, sec. 6.

Although allowed five days for that purpose, defendant filed no affidavit of merits with his plea, and hence, under

the statute, it was properly stricken from the files, and judgment rendered against him as upon default.

It will be presumed, defendant was a resident of the county in which he was served with process, within the meaning of the statute under which plaintiff's damages were assessed, until, in some appropriate manner, it is made to appear, from the evidence, he was not a resident of the county in which he was served, and in which the action was pending.  R. S. 1874, p. 779, sec. 33.

The judgment of the court below must be affirmed.

*Judgment affirmed.*