STOLLE *v.* ÆTNA FIRE AND MARINE INSURANCE COMPANY.

(Absent, JOHNSON, JUDGE).

Decided May 1, 1877.

1877.
January Term.

1. The courts will enforce a provision in a policy in an insurance against fire, prohibiting, under penalty of forfeiture of the insurance, a transfer of the policy *before* the loss occurs.

2. The assured having a right, by the terms of a policy of insur-. ance against fire, to terminate it at any time, and to have returned to him the premium paid, less the customary short rates for the time the insurance has continued, was prevented from exercising this right by the statement of the secretary of the company that a transfer of the policy to a certain person did not require his approval in writing, though the policy on its face did so require, such conduct on his part is a waiver of the provision avoiding the policy by reason of the transfer thereof to such person with the consent of the company in writing.

3. A general *insimul computassent* count is sustained by proof of an adjustment of the amount due from the defendant to the plaintiff on account of a loss, by fire, of the property insured.

4. A demurrer to the evidence, by the defendant, admits all that can reasonably be inferred by a jury from the plaintiff's evidence, and waives all the defendant's evidence that contradicts the plaintiff's, or the credit of which is impeached, and all inferences from the defendant's evidence that do not necessarily flow from it.

5. A declaration, and each count thereof, was demurred to; the court overruled the demurrer when it. should have sustained the demurrer to the first count, because of the informal and imperfect manner in which the cause of action was stated in

it, and should have overruled the demurrer to the second count. The defendant demurred to the evidence; the facts proven did sustain the second count in the declaration, and would have sustained the first count, had it been drawn as it should have been. The circuit court gave judgment for the plaintiff. The appellate court should affirm this judgment.

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company

This was a *supersedeas* granted, upon the petition of the defendent below, to a judgment of the circuit court of Kanawha county, rendered on the 22d day of December, 1875, in a suit then pending in said circuit court in which Gustave Stolle, was plaintiff, and The Ætna Fire and Marine Insurance Company of Wheeling, was defendant.

GREEN, PRESIDENT, who delivered the opinion of the court, sufficiently states the case.

The Hon. Joseph Smith, Judge of the seventh judicial circuit, rendered the judgment below.

*Wm. H. Hoegman,* for plaintiff in error, referred the court to the following authorities:

May on Ins., §380; 67 Pa., St. 373 ; *Smith v. Saratoga Ins. Co.,* 1 Hill (N. Y.), 497 ; 6 Rob. Pr., 293; *Minturn v. Ins. Co.,* 10 Gray (Mass.), 507.

*C. E. Doddridge, W. A. Quarrier* and *Smith & Knight,* for the defendants in error.

*Smith & Knight's* brief in the case is filed and refers to the following authorities:

Code W. Va., 605, §39—603, §28, 29 ; Stevens' Pl., 394, 405; 1 Chitty Pl., 445, 462, 551 ; *Commonwealth v. Fry et al.,* 4 W. Va. 721 ; 1 Rob. (old), Pr. 404-5; 2 Phil., on Ins., §2151 ; 1 Rob. (old), Pr. 351-2; 5 Gratt., 364.

GREEN, PRESIDENT, delivered the opinion of the Court:

The plaintiff in this cause brought an action of *assumpsit* in the circuit court of Kanawha county, against

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company
the defendant. The writ was returnable to September rules, 1874. The basis of the action was a policy of insurance against fire, issued by the defendant to James L. Field, on June 23, 1873, whereby, in consideration of $30, they insured him against loss or damages by fire to the amount of $1,000 on his stock of groceries, canned goods, wooden-ware, cigars, tobacco and such other merchandise as is usually kept in a retail grocery store, contained in a certain store house in Charleston. The insurance was for one year from date of policy. The policy contained all the provisions set forth in the policies of insurance in the cases of *William A. Quarrier v. The Peabody Insurance Co.* and *William A. Quarrier v. The Ætna Fire and Marine Insurance Co.*, of Wheeling, decided at the present term of this Court in the report of which the material portions of these policies are set forth. The only additional provision in this policy sued on in this case is, "if the property be sold or transferred, or any change take place in title or possession, whether by legal process or judicial decree, or voluntary transfer, or conveyance; or if this policy shall be assigned before a loss, without the consent of this company endorsed hereon; then this policy shall be void." On the return day of the process, the defendant filed a plea to the jurisdiction of the Court which plea was a copy of the pleas to the jurisdiction filed in aforesaid cases, decided at this term of the Court, and on motion of plaintiff the court struck out these pleas as defective. There was no error in stricking out this plea for the reasons assigned in my opinion in these cases. See 10 West Va., p. 507. The declaration in this case was very similar to the declaration in those cases. The only difference being that in this declaration it was alleged, "that on the 29th day of August, 1873, the said Field sold all his interest in said property and goods to the plaintiff and for value received the said Field did at the same time by writing on the back thereof, assign and set over to plaintiff (by name of Gus. Stolle), and his as-

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company

signs, all his title and interest in said policy, and all advantage to be derived therefrom which assignment was afterwards approved by the said company and the said plaintiff then continued to carry on the same business at the same place and under the said policy, as had been theretofore done by the said Field." The defendant demurred to this declaration, and each count thereof, and the court overruled the demurrer. This declaration had in it all the defects specified in my opinion in the aforesaid cases, decided at the present term of this Court, and without considering whether there were any other defects, the defects pointed out in those cases were such that the demurrer to the first count of this declaration ought to have been sustained. The defendant also offered a special plea, which, though defective in form, did present a substantial defense to the first count of the declaration, to which count it should have been plead, and not to the declaration generally. The plea setting forth the provision in the policy above quoted proceeded, "notwithstanding said provision, and without the knowledge or consent of the defendant, the insured named in said policy, to-wit, James L. Field, after the execution of said policy, and before the fire in the declaration mentioned, to-wit: on the 23d day of June, 1873, sold and transferred the property, together with the possession thereof, in such contract described, to the plaintiff, and did also after the execution of said policy, and before the fire in the declaration described, to-wit, on the 23d day of June, 1873, assign the said policy to the plaintiff, of all of which the defendant had no knowledge, until after the alleged adjustment in the declaration mentioned, by reason whereof the said contract or policy of insurance became, was, and is absolutely void." This plea was rejected by the court, probably because the court considered the first count in the declaration as a count on the alleged adjustment and not on the policy, though for the reasons stated in the cases before referred to, this first count was a defective count on the policy, and not a count on the

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company

adjustment. To this action of the court the defendant excepted. The defendant then filed the plea of *non-assumpsit*, and issue was joined upon it, and a jury was sworn to try the issue, and the defendant filed a demurrer to the evidence. Whereupon the parties agreed that if the court should decide the law on the demurrer to the evidence to be for the plaintiff, the damages to be assessed in favor of the plaintiff should be $1,000. This agreement was in writing, and signed by the counsel of the parties, and the jury was thereupon discharged.

The demurrer to the evidence shows that all the facts necessary to make the defendants liable upon the policy, if the fact that the property assured belonged to Field when this insurance issued, and had been sold by Field to the plaintiff before the fire, can be held to be sufficiently proven, and that the defendant approved in writing by endorsement thereon the assignment of the policy, or if such approval has been legally waived by the defendant.

In considering the question whether these facts are sufficiently established, we must bear in mind that the case comes before us on a demurrer to the evidence filed by the defendant, and that the rule in such case is, " that the demurrant must be considered as admitting all that can reasonably be inferred by a jury, from the evidence given by the other party; and as waiving all the evidence on his part which contradicts that affirmed by the other party, or the credit of which is impeached, and all inferences from his own evidence which do not necessarily flow from it." *Muleman v. National Insurance Company*, 6 W. Va., p. 508. With this as the proper rule in applying the evidence, I think the evidence establishes the right of the plaintiff to recover on a proper suit based on the policy. There is no direct proof that Field, at the time the policy of insurance was issued, owned the stock of goods named in the declaration, or that he afterwards sold them to Stolle, the plaintiff. But the policy itself, which was in evidence, recites that

these goods were his, the said Field's; and the proof 1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company shows that the loss to the plaintiff by the destruction of these goods by fire, during the continuance of the policy, exceeded $1,000. From these, a jury might reasonably infer that the goods insured belonged to Field when the policy issued, and that they had been transferred to Stolle as owner, before their destruction by the fire. The evidence shows that Captain Moore, of Charleston, procured this policy for Field, and that the premium on it was paid by Field to Moore; that Mr. Reynolds was a clerk of Moore, who is an insurance agent. Field proves that " on August 29, whilst Captain Moore was at the White Sulphur Springs, the plaintiff came to him to transfer policy for Field; he filled up the assignment, and Field signed it; at the foot of the assignment there was a memorandum to be signed by the secretary; he saw Field sign transfer; went to Wheeling on business for Burdett; went to Peabody insurance office and met Mr. Rodgers; he introduced him to J. R. Miller, secretary of Ætna Insurance Company, the same party who signed the policy in evidence; told Miller he had transferred policy for Field to Stolle, and as the form of his transfer had to be sent to home office to be approved by secretary, said to him, ' as I am here, and have mentioned it to you, would it be necessary to send policy on to be approved,' and he said, 'no, it would not,' and he left him there. This was, he thinks, September 2, 1873. There was no agent for defendant in Charleston. He was clerk for Captain Moore. The conversation with Miller took place in door of Ætna office."

The assignment on the back of the policy referred to by witness, Reynolds, is in these words:

" For value received, I hereby transfer, assign and set over to Gus. Stolle and his assigns, all my title and interest in this policy, and all advantages to be derived therefrom.

Dated this 29th day of August, 1873.

JAMES L. FIELD."

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company

And the form of the approval, printed at the foot thereof, referred to also by witness, Reynolds, was in these words:

"Approved, W. Va., this —— day of —— 187-.
—————————, *Secretary.*"

These questions arise from this transfer. The first is will the provision in the policy that unless an assignment of the policy is approved by the company by an endorsement thereon that the policy shall be void be enforced by the courts. And secondly, can this approval be waived; and thirdly, if so, do the facts above deposed to amount to a waiver. The courts will enforce such a provision in a policy, provided the assignment prohibited is as in this case, before the loss. If, however, the policy attempts to prohibit, under penalty of forfeiture of the policy, the transfer after the loss has occurred, the courts will not enforce it, they regard such prohibition as contrary to the public policy. *Mintum v. Insurance Company*, 10 Gray (Mass.) 507; *Smith v. Saratoga Insurance Co.*, 1 Hill (N. Y.), 497. In the first of these cases, it was admitted that upon a proper assignment of a policy, assented to by the insurers, the assignee could sustain an action as upon a new and original promise to indemnify against loss, if any occurs, but it was held that if the policy required the assent of the company to be in writing, it could not be proved by parol. In the second of these cases, the policy had a clause in it whereby the policy was declared void, if assigned without the consent of the company in writing, and the court held unless waived by the company, this stipulation of the policy would be enforced. It seemed to be assumed in this case that this provision in the policy might be waived. In the case of the *Pennsylvania Insurance Co. v. Bowman*, 44 Pa. St. R., (8 Wright) 89. The policy provided "that the policy should be void upon assignment thereof, unless notice is given at the office of the company, and the same be approved and endorsed thereon by the secretary or other authorized officer of the com-

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company

pany." This policy was assigned absolutely by written assignment. Sometime afterwards, the president of the company, on a separate piece of paper approved an assignment of the policy to these parties as collateral security for certain purposes. This paper was attached to the policy by a wafer and is supposed to have referred to the absolute assignment aforesaid, though the date of the assignment approved is not given in the approval. After the loss of the property, a letter was written by the president of the company, though not signed officially to these assignees, asking certain proposals in reference to the property, looking to an adjustment of the loss with them. The court held this approval of the president though not endorsed on the policy was sufficient, and add : " But whether it were or not, it is clear that the defendants by their conduct, and by this letter waived a more strict compliance with the condition, which they had a right to do, as they could have waived entirely, a provision intended only for their protection." I concur in the conclusion, that this provision may be waived by the conduct of the defendant, or to speak more properly, the defendant, by his own conduct, may be estopped from insisting on this provision. The remaining question is, did the defendants conduct in the case before us estop it from insisting on the fact that the approval of this assignment was not endorsed on the policy. The general question as to what conduct of the defendant will amount to a waiver or an estoppel of the company is discussed in *Muleman v. National Insurance Co.*, 6 W. Va., 508, and the conclusion reached: "The act relied on as a waiver, must be such as to estop a party from insisting on performance of the contract or forfeiture of the condition. There must be some act or declaration of the defendant or of the defendant's agent, to the plaintiff which so affected the conduct of the latter to his injury as that it would be unjust now to permit the defendant to set up or have the benefit of the clause of the policy in question. It is not necessary to an equitable estoppel that the party

should intend willfully to mislead ; but whatever may be the intent, if he makes such a representation as a sensible man would take to be true, and believe that it was meant he should act upon it, and he does so act, the party making the representation is precluded from contesting its truth." To sustain which position the court refers to Bigelow on Estoppel, p. 524, 553, *Ripley v. Ætna Insurance Co.*, 30 N. Y., 136, 164 ; 50 N. Y. 575, Herman's Law of Estòppel, 343, §331. In the case under consideration there is this provision in the policy : "This insurance may be terminated at any time at the request of the assured, in which case the company shall retain only the customary short rates for the time the policy has been in force." Under this provision the assured had a right to terminate his policy at any time, and in such case had a right to demand the return of the premium paid, except that the company could retain the customary short rates for the time the policy had been in force. The company had a right to decline to consent to the assignment of the policy, but if they had done so, the assurred would, of course, have exercised his right to terminate the policy and demand the return of the premium paid for a year in advance, less the customary short rates for the time the policy had been in force. Of this right, however, the assured was deprived by being induced to omit to exercise this right by the declaration of the secretary, that it was not necessary to have his endorsement of the approval of the company of the assignment on the back of the policy. This left assurred in the condition of having the policy terminated without the refunding of any portion of the premium paid in. Such a result, if permitted, would operate an obvious injury to the assured, and upon the principles above laid down it would be unjust to permit the defendant to have the benefit of this clause of the policy, he having, to the injury of the plaintiff, declared that it was unnecessary to comply with it on his part. When it is remembered that the blank form of approval printed on the back of the

*(margin:* 1877. January Term. Stolle v. Ætna Fire and Marine Insurance Company*)*

policy showed that the secretary of the company was 1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company the proper officer of the company to approve an assign- ment, the plaintiff cannot be considered as having acted, otherwise than prudently when he, by his agent, called upon this secretary to know whether it was necessary to send the policy on for his approval of this assignment. And when he replied that it was not necessary, a sensible man might well take this to be so and believe that it was meant he should act upon it. I am, therefore, of opinion that this conduct of the secretary of the company estops them from relying on this breach of this condition of the policy. It is said, however, that the secretary did not make this statement to the plaintiff, and that the statement was made to a third party and that there is no evidence that it was ever communicated to the plaintiff. But the evidence shows that in making this assignment in a binding and effectual manner this party who is called a third person, to whom this statement was made, was really the plaintiffs agent. And, therefore, it must be held that the plaintiff not only knew of this statement but that his conduct was influenced by it. If, then, the first count in this declaration had been a count properly drawn and based on the policy, the evidence would under such a count have justified the finding of the court. But this count we have seen is fatally de- fective and the demurrer to it should have been sustain- ed. The judgment of the court cannot therefore be per- mitted to stand unless the evidence would have justified the finding of the court under the second count which is a common count of *insimul computassent* There was filed with this count the following bill of particulars :

*Ætna Fire and Marine Insurance Company, to Gus. Stolle Dr.*

1874; February 9—For amount of loss by fire on 19th January, 1874, on stock of groceries, &c., as insured by your policy, No. 2360, in favor of James L. Field, and by said Field assigned to me, with your ap-

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company

proval, and which loss was adjusted by you on 9th February, 1874, $1,000.

If then, there was such an adjustment, the plaintiff is entitled to have the judgment rendered in this cause affirmed, otherwise not. The defendant being, as we have seen, liable to him under the policy, if it has adjusted this policy at $1,000, it is bound by such adjustment, and the amount can be properly recovered under this second or general count. The defendant claims that the evidence is insufficient to show first that Rodgers and Bishop were agents of the defendant, authorized to make any adjustment; and secondly, that if they could be so considered, the evidence fails to show that any adjustment was made in point of fact. The evidence shows that the policy was delivered to the assured by Moore, a general insurance agent in Charleston, who was not acting generally as an agent of the defendant, having no contract with them. That Moore received the premium from the assured, and sent it to Wheeling, after deducting his commission, to one Rodgers, who was the secretary of the Peabody company, and Rodgers paid it over in due time to the defendant. The property named in the policy was damaged by fire, on the 19th of January, 1874. The damages sustained by the plaintiff on the stock of goods was upwards of $1,100, but the insurance on it was only $1,000. This fire destroyed a large amount of other property insured in Wheeling insurance companies. Shortly afterwards, Bishop, the general agent of the Franklin company, and Rodgers, the assistant secretary of the Peabody company, came with a clerk to Charleston, to adjust the losses of the Wheeling companies. They represented that they were authorized to adjust for the Franklin, Peabody, Citizens', German and Nail City, and the defendant, Wheeling insurance companies. They remained there about two weeks, and adjusted most of the losses. Moore states that he knew they had authority to adjust from these companies, including the defendant, this he learned

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company

from their statements and conduct in taking charge of the adjustments. I am of the opinion that this evidence was such that a jury might have drawn the inference that these adjustors, Rodgers and Bishop, were authorized by the defendant to adjust the loss in this case, especially as Rodgers, though not employed by the defendant generally had acted as the agent of the defendant in collecting the premium of the assured on this very policy. The general spirit of modern decisions is to extend rather than limit the power of agents of insurance companies. Upon the demurrer to the evidence by the defendant the court was bound to draw all inferences from the evidence that a jury might reasonably draw, and I think I am justified in concluding that these parties had authority to adjust for the defendant in this case, especially, as I will presently show, their conduct in the matter seems to have been acquiesced in for sometime after their return to Wheeling. The next question is, did these parties actually make an adjustment of the amount to be paid to the plaintiff. Whatever they did was done with full knowledge of all the facts. Moore informed these agents, or one of them, that the policy had been assigned by Field to Stolle, and the policy itself on which was the assignment was shown to one of them and upon its face it showed there had been no consent in writing to this assignment signed by the secretary, this consent being in blank. They took evidence of Stolle's losses by the fire and of course knew he owned the goods. With reference to the making of an adjustment of the loss on this stock to be paid for by the defendant, the proof was that there was no other insurance on Stolle's goods, the loss exceeded $1,100, and witness Moore states, that they enquired of him about this assignment of Field's policy and left with him a copy of paper adjustment in the hand writing of their clerk, which he, witness, delivered to plaintiff's counsel, but he could not state at what they fixed his loss. The plaintiff himself says that

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company

Bishop took the proof of $1,000 loss. The only diffi-culty apparently was as to the plaintiff waiting sixty days for his money, he wanted them to discount the amount and pay him at once. Bishop said he could not agree upon any discount that this was a matter which the company itself must do and fix its own terms of discount. That he could not pay any of the monies due the parties, but that he would take the papers to Wheeling, and the plaintiff would hear about the discount in a few days, or he would get his money in sixty days. He never heard from the company. After sixty days he drew on them and the draft was returned protested. The failure of the defendant for these sixty days to communicate with the plaintiff would seem to be an approval of their promise to him, that he would be paid his money in sixty days, if they did not inform him, they would discount the claim, and it is but reasonable to infer that the action of the adjusters in this respect was made known to the company on their return to Wheeling. From this evidence the court, on a demurrer to the evidence, by the defendant, had a right to infer that an actual adjustment was made, and though the amount of it is not proven, unless it can be inferred from the statement that Bishop took the proof of $1,000, and from the fact that this was the amount of the policy, and the loss was proven before these adjusters to be over $1,000. The inference might well be drawn by a jury, and should have been drawn by the court on a demurrer to evidence by the defendant, that the amount of this adjustment was $1,000. There does not in fact seem to have been any controversy about the amount, for in the case there is a written agreement of the parties, by their counsel, that if the court shall be of opinion that the law is for the plaintiff, the damages should be assessed at $1,000. It is true that the defendant's witnesses testify that the defendant never heard of the assignment of the policy by Field, to the plaintiff till after the fire; never was asked to approve it, and never did approve it; that Bishop and Rodgers were

1877.
January Term.

Stolle
v.
Ætna Fire and
Marine Insur-
ance Company

authorized to ascertain the liability of each of the Wheeling companies under their several polices, but they had no authority to bind any of them. That the only paper the defendant ever received from the plaintiff, was his proof of loss, and that had been mislaid; and they never had approved any adjustment of loss made by Bishop and Rodgers. But upon a demurrer to evidence, this evidence is entittled to no weight under the rule above stated. The defendant excepted to portions of the evidence of the plaintiff above stated, but it was all admissible under my view of the law as stated above. The evidence then sustaining the plaintiff's case as set forth in the second, or general count, the court properly entered up the judgment for the plaintiff, and it should not be set aside because the first count was defective, and the demurrer to it ought to have been sustained. For though the court erred in overruling this demurrer to the first count, and would also have erred in rejecting the special plea had it been in proper form. Yet as these errors of the court have resulted in no injury to the defendant, there being a demurrer to the evidence, the Court sees the whole case, and being of opinion that the evidence received by the court, was all properly received upon the issue joined on the second count, and that this second count was supported by the evidence, find no error injurious to the defendant.

The judgment of the circuit court must, therefore, be affirmed, and the appellee must recover of the appellant his costs about this appeal expended and damages according to law.

JUDGMENT AFFIRMEED.