𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## ANDERSON v. KANAWHA COAL CO.

Decided March 30, 1878.

1878.
Special Term.

1. When a cause is called for trial if substantial justice require that the court should allow the plaintiff to amend his bill of particulars, and if it be clear, that such amendment cannot operate a surprise to the defendant, the cause ought not to be continued because of such amendment.

2. A court may at any time permit the correction of a clerical error, such as a mistake in the date of an affidavit on which an attachment is based.

3. If the clerk omitted to endorse on an attachment bond that it had been acknowledged and approved, the court may permit such endorsement to be made at any time.

4. An order of attachment is properly attested by the clerk, and recites that the plaintiff had filed affidavit and given bond as required by law, in the absence of proof that either the bond or affidavit was faulty, such orders of attachment ought not to be quashed, because the certificate of the affidavit and of the acknowledgment and approval of the bond was made in the name of the clerk, by his deputy.

5. A plea that the sum for which an attachment issued was not due at the time of the *date* of the affidavit on which the attachment issued ought not to be received as a plea in abatement of the attachment.

6. In an action of *assumpsit* against a corporation, on an issue on the plea of *non assumpsit*, the plaintiff must prove the existence of the corporation.

7. On the trial of such an issue, a deed of trust executed by the defendant, under its corporate seal to secure among others the plaintiff's debt and which recited, that the corporation had

1878.
Special Term.

Adderson
v.
Kanawha Coal
Co.

been organized in pursuance of law, is admissible as evidence to prove the legal existence of the defendant as a corporation.

8. Bills of exchange drawn by the defendant on its agent, in favor of the plaintiff and particularly described in the bill of particulars filed with a declaration containing the common money counts on the trial of the issue of *non assumpsit*, ought to be received in evidence.

*Supersedeas*, allowed upon the petition of the Kanawha and Ohio Coal Company, to a judgment of the circuit court of Kanawha county, rendered on the 25th day of November, 1874, in a suit at law instituted in said court against said company by John Anderson.

Hon. Joseph Smith, judge of the seventh judicial circuit, entered the order complained of.

GREEN, PRESIDENT, furnishes the following statement of the case:

On July 6, 1874, John Anderson brought an action of *assumpsit* in the circuit court of Kanawha, against the Kanawha and Ohio Coal Company, laying the damages in the summons at $1,000.00; and at the same time an order of attachment was issued, which recited that the plaintiff had filed affidavit and given bond as required by law and required the sheriff of said county in the name of the State of West Virginia, to take into possession the estate of the defendant, sufficient to pay the sum of $436.59, with interest on $215.94, part thereof from May 22, 1874, and interest on $220.65, the residue thereof from June 11, 1874, and the costs of the suit. This attachment was returned levied on ten mules and twelve coal bank cars. And further that on July 9, 1874, it was levied on certain real estate of the defendant in said county, specified in the return. The affidavit referred to in the attachment states that the nature of the debt sued on was two drafts, one dated March 20, 1874, for $214.69, payable sixty-five days after date drawn on John A. Robinson, agent, at Cincinnati and by him accepted pay-

1878.
Special Term:

Anderson
v.
Kahanaw Coal
Co.

able at the Fourth National Bank, at Cincinnati, Ohio, and that when said draft became due it was presented to said bank for payment and not being paid was protested, of which due notice was given to the Kanawha & Ohio Coal Company; and that the other draft was on the same party, was dated May 4, 1874, and was payable thirty-five days after its date, for $219.40, also accepted by said Robinson to be paid at the same bank, and that it was presented at said bank and not being paid was protested for non-payment, and notice thereof given the defendant; that the cost of these protests were $1.25 each; that these drafts were given for merchandise bought of plaintiff by the defendant. The affidavit further states that the affiant believes he is justly entitled to recover in said action the sum of $436.59 with interest on $215.94 part thereof from May 22, 1874, till paid, and interest on $220.65, the residue from June 11, 1874; and that he believes that the Kanawha and Ohio Coal Company is a foreign corporation. This affidavit was certified as made before the deputy clerk who signed the certificate, Wm. M. Kline, deputy for W. E. G. Gillison, Clerk.

The plaintiff on same day filed an attachment bond in the usual form. This bond was acknowledged before said deputy clerk, and the security on it by him approved before the attachment, though the acknowledgment and approval of the bond were inadvertently not endorsed on the bond. These facts were certified to on November 21, 1874, by Wm. M. Kline, the deputy, who to this certificate, signs his name thus: "Wm. M. Kline, deputy for W. E. G. Gillison, clerk of said circuit court of Kanawha county."

The declaration filed in the case, contained two special counts on these two bills of exchange and common counts for goods, wares, and merchandise sold and delivered; for work and labor; for money loaned; for money paid by the plaintiff for the defendant at his request; for money received by the defendant for the use of the plaintiff, and for money found due on an account, stated;

and concluded in the usual form. The account filed with the declaration charged under date of May 27, 1874, the amount of the first draft stating it correctly, and also the cost of protest thereof, $1,25; and under date of June 1, 1874, the amount of the second draft stating it correctly and the protest thereof, $1.25; and also there were filed, the two drafts and protests. An order for the sale of the horses as expensive to keep was made, in vacation, on petition and proof. The defendant demurred to the declaration and each count thereof; the demurrer was sustained as to the first count and overruled as to the residue. The defendant then pleaded *non assumpsit*, to which the plaintiff replied generally, and issue was joined; and thereupon the plaintiff asked and obtained leave to amend his bill of particulars by striking out the date of the item for the amount of the first draft and protest, which was originally inserted as of date, May 22, 1874, and substituting therefor, May 27, 1874. The jury was sworn to try the issue, and after all the evidence was submitted, the defendant filed a demurrer to the plaintiff's evidence in which the plaintiff joined and the jury assessed the plaintiff's damage at $446.23, subject to the opinion of the court on the demurrer to the evidence. The court on the hearing of the demurrer to the evidence found it was sufficient to maintain the issue on the part of the plaintiff, and entered up a judgment pursuant to the verdict.

This judgment was entered on November 25, 1874, and on November 30, 1874, the defendant moved to quash the attachment, because the bond was not sufficient in law to authorize the issue of the attachment; the plaintiff then suggested to the court that there was a clerical error in the endorsement on the bond in this that it fails to endorse the acknowledgment and approval of the bond, when in fact it had been acknowledged and approved the day it bore date and before the attachment issued. And thereupon the deputy clerk who took the acknowledgment and approval of the bond, asked

67

leave of the court to amend his endorsement to which the defendant objected, but leave was granted and the amendment made in open court; and thereupon the court overruled the motion of defendant to quash the attachment. The defendant tendered the following as a plea in abatement to said attachment:

" IN KANAWHA CIRCUIT COURT.

"The defendant, by its attorney, Wm. A. Quarrier, says that the sum for which the attachment in this case issued, was not due at the time of the date of the affidavit upon which said attachment was based and founded. And thereupon the said defendant says that the alleged facts material to the issuing of said attachment in said affidavit contained are not true, and that said attachment ought to be quashed. And this the defendant is ready to verify."

This plea was sworn to by the president of the Kanawha and Ohio Coal Company, to the filing of which plea the plaintiff, by his attorney, objected as not constituting a proper plea in abatement of the attachment, and pending the argument of this objection the plaintiff suggested that there was a clerical error in the certificate to the affidavit upon which the attachment was issued in this, that the date set out in the certificate is June 6, 1874, when in fact it was made and filed July 6, 1874, and before said attachment was issued, and the deputy clerk of the court who took and certified this affidavit, applied for leave to amend his certificate thereto according to the facts, this was objected to by the defendant.

The deputy clerk proved, that the plaintiff's attorney wrote this affidavit, including the date as also the attachment bond, including the date, also the *præcipe* in the memorandum book, on which the writ issued and the date of its issue. All of these dates were July 6, 1874, except the certificate to the affidavit which was June 6, and that he, the deputy clerk, could not say which of these dates was correct. The plaintiff's attorney proved, that he wrote

this certificate to the affidavit, filled up the writ and order of attachment, and the bond in this case, and also the endorsement on the back of said bond, that it was filed July 6, 1874, and all this was done on the same day, July 6, 1874. That in the hurry, he made a mistake in date of certificate to affidavit making it read June 6, 1874, instead of July 6, 1874 ; all the other papers made at the same time were produced, and their date was July 6, 1874; and also there was produced the endorsment on the back of the affidavit which was signed by the deputy clerk, and which was that it was filed July 6, 1874. The deputy clerk then proved, that the memorandum book showed that the last writ issued from the clerk's office prior to the issuing of the summons and order of attachment in this case was issued on June 27, 1874, and the one next after the institution of this suit was July, 7, 1874, and he produced this memorandum book to the court, and it showed this to be the fact; and said deputy clerk then testified that he was satisfied that said affidavit was made and certified on the 6th day of July, 1874; and the court thereupon, gave said deputy clerk leave if he chose so to do, to amend his certificate to the affidavit which he did in open court by making the date read July 6, 1874, instead of June 6, 1874, and the defendant excepted to this action. The court thereupon rejected the plea in abatement offered by the defendant who filed his bill of exceptions thereto. All these facts were spread on the record by proper bills of exceptions. It also appears from one of the bills of exceptions that after the court had permitted the plaintiff before the trial to change the date of the charge of one of the drafts and protests from May 22d, to May 27th, in the bill of particulars, this was objected to by the defendant, the defendant asked to continue the cause till the next term upon the ground that a material change had been made in the pleadings; but the court declined to grant such continuance unless the defendant's attorneys would state that such amendment of the bill of particulars operated a

1878.<br>Special Term.<br>. Anderson<br>v.<br>Kanawha Coal<br>Co.

surprise to them; but they declined to do so, but said that it was in effect the filing of a new declaration in the case, and of itself, in their opinion constituted a good ground for a continuance. The court then said that if they desired it, he would grant them three weeks time to prepare for the trial at that term. But the counsel for the defendant declined to accept this offer and insisted on a continuance of the case for the term. The court thereupon refused to continue the case and compelled the defendant to go to trial; and the defendant filed a bill of exceptions to this action of the court. He also pending the trial filed a bill of exceptions to the judgment of the court in permitting the offering in evidence by the plaintiff of the bills of exchange heretofore mentioned, and also to the reading in evidence of the deed of trust executed by the Kanawha and Ohio Coal Company, dated October 6, 1874, securing all its creditors on all its property, the said deed of trust showing on its face that the plaintiff in this suit was one of those creditors and that the amount due him as well as the manner in which it was due, was exactly as claimed by the plaintiff in his bill of particulars as amended, except that it did not appear whether it was due by bills of exchange or notes. This deed of trust in describing the debts secured heads a list as " debts due by bills payable or notes," but the column of dates is headed " dates of notes." There being no other column of dates this deed of trust shows on its face that this column includes dates of bills payable as well as notes. The parol evidence also showed that no other bills or notes were held by the plaintiff. The demurrer to the evidence shows that the plaintiff proved the execution of and read in evidence the two drafts described in his bill of particulars, and also the protests of said drafts ; also said deed of trust; and he proved that these two drafts were renewals of similar drafts given by the defendant to the plaintiff, which had been protested for non-payment, and which the president of

the Kanawha and Ohio Coal Company said were not met because of Robinson's absence in New York. That Robinson had for the defendant before that time accepted other drafts of same sort given to the plaintiff and they had been paid. The plaintiff also proved by his own evidence that he had always owned and still owned the two drafts sued on, and that when this suit was instituted and since these have been the only claims which he had against the defendant. He also proved that Robinson was the agent of defendant in Cincinnati. He also proved that the endorsement made on said drafts by the plaintiff was simply for collection, and not being paid, they were returned to the plaintiff, the Merchants' Bank of Charleston, whose name appeared on the back of these drafts having them in their possession only to collect for the plaintiff. These being all the facts, the court as before stated, decided the demurrer to evidence for the plaintiff; and gave a judgment for the plaintiff for $446.23, the damages by the jury in their verdict assessed, with interest thereon from the date of said judgment, November 25, 1874, until paid; and his costs about this suit expended, including $15.00 as allowed by law. To which judgment and also to the order directing a sale of a portion of the attached property, the defendant has obtained a writ of error and a *supersedeas.*

*William A. Quarrier,* for plaintiff in error cited the following authorities:

9 Leigh 240; Drake on Attachment, §§146, 113; 1 W. Va. 16; 5 Gratt. 235.

*James H. Ferguson* and *Mollohan & Fountain,* for defendant in error, cited the following authorities:

4 W. Va. 309; Rob. Forms 530, 532, 533, 534, 536; 10 W. Va. 583, 546; Code W. Va. chap. 126, §60; 4 Gratt. 97; 7 W. Va. 447.

1878.
Special Term.

Anderson
v.
Kanawha Coal
Co.

Syllabus 1.

Syllabus 2.

The opinion of the Court was delivered by GREEN, PRESIDENT:

The assignment of errors does not claim that the court erred in overruling the demurrer to any of the counts in the declaration, except the first. And on their face they are unobjectionable. The errors relied on by appellant's counsel in his petition for a writ of error, are that the court ought to have granted a continuance to the defendant after permitting the plaintiff to amend his bill of particulars, by changing the date when one of the bills of exchange fell due from " May 22, 1874 " to "May 27, 1874." The Code of W. Va. ch. 125, sec. 12, p. 601, expressly provides : " The plaintiff may of right amend his declaration at any time before the appearance of the defendant, or after such appearance, if substantial justice will be promoted thereby. But if such amendment be made after appearance of the defendant, the court may impose such terms upon the plaintiff as to a continuance of the cause as it may deem just." It is obvious that substantial justice was promoted by allowing the amendment, and equally obvious from the bill of exceptions that this amendment operated no surprise to the defendant ; the court therefore properly permitted the amendment and refused a continuance. The defendant had no right to complain of the action of the court in this matter ; the court in agreeing, if the defendant desired, to postpone the trial for three weeks, was more liberal to him than he had any right to expect.

The next assignment of error is, that the court ought not to have permitted the deputy clerk to amend his certificate to the affidavit by changing the date of it, which was " June 6," to its true date " July 6." This was a mere clerical error as the evidence clearly shows. All courts possess the inherent power to permit the correction of such errors by any of its officers. The extent to which they exercise this power, is illustrated by the case of *Wardsworth* v. *Miller*, 4 Gratt. 97. The court did

not err in the exercise of this power in this case. The evidence shows that it would have erred most obviously had it refused to permit the correction of this error, which was clearly, merely clerical.

The next error assigned by the appellant is, that the court ought not to have allowed the deputy clerk to have endorsed just before the trial on the attachment bond, that it had been acknowledged and approved by him before the issuing of the order of attachment. The appellant has certainly no right to complain of this action of the court, as the order of attachment which is signed by the clerk expressly states, that when it issued the plaintiff had filed affidavit and given bond as required by law. No other certificate of the acknowledgment or approval of the bond was necessary; and no possible prejudice to the defendant could have resulted from the court's permitting these facts to be endorsed.

The next error assigned is the refusal of the court to permit the filing of the plea of abatement to the attachment which was tendered after verdict and judgment in the case. The plea is set forth at length, in the statement of facts which precedes this opinion. It was obviously faulty as a plea of any kind. It states no fact, except that the debt was not due "at the time of the *date* of the affidavit." Not that it was not due at the time of the *making* of the affidavit. It was totally immaterial whether the debt was due or not "at the time of the date of the affidavit," if it was due at the time of the making of the affidavit, or at the time of the institution of the suit. The general allegation at the end of this plea that "the alleged facts material to the issuing of the attachment in said affidavit contained are not true," cannot aid this plea. It amounts really to only the conclusion of law drawn by the pleader from the fact before alleged; and we have seen it was an erroneous conclusion. If it were regarded as an allegation of fact, it would be entirely defective, as on the acknowledged principles of pleading the pleader would have been obliged to

1878.
Special Term.

Auderson
v.
Kanawha Coal
Co.
Syllabus 8.

specify particularly the fact or facts alleged which were not true. The plea was properly rejected. It is also complained that the court erred in permitting the deed of trust of the defendant, and the bills of exchange, to be proved and read in evidence to the jury. I am unable to see any possible objection to the introduction of this evidence. They were clear admissions by the defendant of the justice of the plaintiff's demand, and were made by the defendant in the most solemn manner. To have rejected them would have been obvious error. It is also assigned as error, that the court did not quash the attachment on defendant's motion. The only ground for quashing the attachment, was the said date in the certificate of the affidavit which we have seen was properly permitted by the court to be corrected, and the fact that there had not been originally endorsed on the bond, that it had been acknowledged and approved. This was unnecessary as we have seen, as the order of attachment sufficiently recited, that these things had been done prior to the issuing of this order. The evidence also showed that the proper affidavit had been made and a proper bond acknowledged and approved before the attachment issued, and therefore, the attachment ought not to have been quashed. See *Farmers Bank of Va.* v. *Gittenger,* 4 W. Va. 309. The court therefore properly refused to quash the attachment.

And lastly, it is insisted that on the demurrer to the evidence, the court should have rendered judgment for the defendant. There can be no question, but that the evidence fully established every fact necessary to sustain the plaintiff's action if the existence of the defendant as a corporation was proven. If this fact was sufficiently proven, the evidence clearly established the plaintiff's right to recover on the common counts, and then even if both special counts had been fatally defective which they were not, and if the court had erred in not overruling the second special count on the demurrer, still this court would not reverse the judgment, *Stolle* v. *Ætna*

*Fire & Marine Insurance Co.*, 10 W. Va. 546; for such error could have resulted in no injury to the defendant. In most of the States upon issue joined, or the plea of *non assumpsit*, it is unnecessary to prove the existence of a private corporation, whether it be plaintiff or defendant. It has been so held in Massachusetts, *First Parish* v. *Cole*, 3 Pick. 245; in Kentucky, *Taylor* v. *Bank, of Illinois*, 7 Monroe 584; in Ohio, *Methodist Episcopal Church* v. *Wood*, 5 Ham. 286; *Concord* v. *McIntire*, 6 N. H. 528; and *Texas Bank* v. *Simoneton*, 2 Tex. 536; and it has been so held also in the Supreme Court of the United States, *Conrad* v. *Atlantic Insurance Co.*, 1 Peters 450; and *Society for Propagation &c.*, v. *Pawlet*, 4 Peters 501. On the other hand it has been held otherwise, not only in England, see *Duch West India Co.* v. *Henriques*, 1 Stra. 612; but in Maryland, *Agnew* v. *Bank of Gettysburg*, 2 Har. & G. 493; and in New York, *Jackson* v. *Plumb*, 8 Johns. 378; though since this decision the statute law of New York has upon such pleadings rendered it unnecessary to prove the existence of the corporation. 1 Denio 451. In Virginia and West Virginia, on an issue joined on the plea of *non assumpsit*, it is necessary to prove the existence of a private corporation, *Grays* v. *T. P. Co.*, 4 Rand. 578; *Reese* v· *Concochenque Bank* 5 Rand. 329; *Taylor's a' dmr* v. *Bank of Axelandria*, 5 Leigh 475; *Jackson's adm'r* v. *Bank of Marietta*, 9 Leigh 244; *Hart* v. *Baltimore & Ohio Railroad Company*, 6 W. Va. 336.

The question is thus presented: was the existence of the defendant as a corporation sufficiently proven? The most direct evidence produced on this question was the deed of the defendant signed with its name by its secretary, and under the seal of the defendant as a corporation, duly acknowledged by its secretary, and admitted to record in the clerk's office of the county court of Kanawha, on October 15, 1874, securing among other debts the claims of the plaintiff sued on in this case. This deed recites that the defendant

1878.
Special Term.

Anderson
v.
Kanawha Coal
Co.

Syllabus 6

Syllabus 7

68

1878.
Special Term.

Anderson
v.
Kanawha Coal
Co.

is "a corporation formed under the laws of the State of New York," and recites the names of the stockholders of more than two thirds of its stock, and also the proceedings of the meeting of this corporation, which directed the execution of this deed. If this deed be admissible as evidence to prove the existence of the defendant as a corporation, it will clearly establish their existence as such. In the case of *Pilbrow's A. R. Co.,* 5 Man Gr. & S. 470, 57 Eng. C. L., in an action of covenant based on a deed purporting to be the deed of a corporation, the court decided not only that the deed was evidence of the existence of the corporation, but the deed reciting that the company had been duly formed, it was conclusive evidence of this fact, the defendant being by it estopped from denying its existence as a corporation. The suit was brought in that case on the deed itself. When the recitals in a deed would estop a party in a suit on the deed, such recitals, when the deed is collateral to the purpose of the action, do not amount to an estoppel, but are nevertheless *prima facie* evidence of the facts recited. See *Carpenter* v. *Buller*, 8 Mee. & W. 209. As in this case, the deed secures the identical debts sued upon, it might well be questioned whether it should be considered as collateral, and whether the defendant was not estopped by it to deny that it was a corporation. But it is unnecessary to consider this question, as admitting that the deed was collateral to the purpose of the action, it would still be *prima facie* evidence of the truth of its recitals, that the defendant was a corporation, and as no evidence was introduced to refute this presumption, the existence of the defendant as a corporation must be held to have been established, and the judgment of the circuit court on the demurrer was correct.

These are all the errors alleged in the petition for a writ of error, but the appellant's counsel in his argument insists on other errors. His first position is that the demurrer to the entire declaration should have been

sustained. He bases his argument to sustain this position, solely on the ground that at the end of the special counts there is the usual addition " tc the damage of the plaintiff $1,000.00;" the common counts immediately following, beginning in the usual form "and for that, whereas, &c.," and the declaration ending in the usual form "to the damage of the plaintiff $1,000.00, and therefore he brings suit." This addition at the end of the special counts, it is claimed, makes them a distinct declaration, and the common counts another distinct declaration, and there being thus two distinct declarations included in what is called the declaration in this case, it is liable to a demurrer as a whole. No authority is cited to sustain this view, and it seems to me to have no solid foundation. These words, unnecessarily added at the end of the special counts, are mere surplusage, and do not vitiate these counts, much less render the whole declaration faulty on general demurrer.

It is also insisted in argument, that the certificates of the affidavit and of the acknowledgment and approval of the bond should have been made in the name of the clerk and not of the deputy ; and *Pendleton* v. *Smith*, 1 W. Va. 16, is relied on as sustaining this position. That case decides that writs or process must be signed by or in the name of the clerk and not in the name of the deputy clerk. Even if the law had required formal certificates of the affidavit and approval of the bond in attachment cases to be made before the order of attachment issued, this case would not justify the inference that such certificates must have attached to them the name of the clerk. Even if this had been required and the name of the deputy clerk had been attached to them, this could at any time, by leave of the court, have been amended, as it would be a clerical error, for unquestionably the deputy has a right to administer the oath and take and approve the bond. See Code of W. Va., chapter 7, section 11, p. 73. But the law does not require any formal certificate to be made of the approval of the

1878.
Special Term.

Anderson
v.
Kanawha Coal
Co.

Syllabus 4

bond, or of the making of the affidavit, and the recital that they had been made in the order of attachment is alone sufficient. In this case they are so recited, and the order of attachment is signed by, or in the name of the clerk, and not in the name of the deputy clerk. In the absence of proof, that either the affidavit or bond was not such as was required by law, the recital that they had been filed as required by law, on the face of the order of attachment, justified the court in its refusal to quash the attachment.

The order of the circuit court made in vacation and dated July 18, 1874, for a sale of a portion of the property attached, as well as the judgment of the court, rendered on the 25th day of November, 1874, must be be affirmed; and the defendant in error must recover of the plaintiff in error his costs expended in this Court, and damages according to law.

The other Judges concurred.

JUDGMENT AFFIRMED.