## CHARLESTON.

BOHN *et al. v.* ZEIGLER.

Submitted January 20, 1898—Decided March 26, 1898.

1. ATTACHMENT—*Foreign Affidavit—Verification—Amendment.*

An affidavit for an attachment, made before a notary of another state, without a certificate from a clerk or other officer of a court of record of that state, under official seal, verifying the genuineness of the notary's signature, and his authority to administer an oath, as required by c. 130, s. 31, Code, is bad and subject to be quashed, but may be amended, by leave of court, by appending to it such further certificate. (p. 403).

2. SEAL OF NOTARY—*Protests—Acknowledgments—Depositions.*

The seal of a notary of another state will not, alone, authenticate his act, except to protest of bills of exchange and negotiable notes, and acknowledgment of deeds. His signature alone is enough as to depositions. (p.403).

3. ATTACHMENT—*Affidavit—Amendment.*

Affidavits to obtain attachments may, by leave of court, be amended as to merely clerical or formal defects, not matters of substance. (p. 403).

Appeal from Circuit Court, Cabell County.

Suit in equity, in attachment, by Bohn Bros. & Co. against Jacob Zeigler. Bill dismissed, and plaintiffs appeal.

*Reversed.*

SIMMS & ENSLOW, and HERBERT FITZPATRICK, for appellants.

CAMPBELL, HOLT & CAMPBELL, BROWN, JACKSON & KNIGHT, and R. G. QUARRIER, for appellee.

Brannon, President:

Suit in equity, with attachment, by Bohn Bros. & Co. against Jacob Zeigler, in which affidavits for attachment were quashed, and the bill dismissed, and plaintiffs appeal.

In this case arises the question of the deficiency and the amendableness of the affidavit for attachment, while in the case of *Miller* v. *Zeigler* (at this term) 29 S. E. 981, the question of the same character related to the order of attachment. I refer to that case on the subject of amendment. In this case the affidavit was made before a notary in the State of Ohio, and as his certificate did not have the further certificate of a clerk or other officer of a court of record verifying the genuineness of the notary's signature, and his authority to administer oaths, the affidavits would be bad for want of due authentication. Code, c. 130, s. 31; *Lockhead* v. *Improvement Co.*, 40 W. Va., 553, (21 S. E. 1031). The seal of a notary out of the State does not, alone, verify and authenticate his act, except as regards bills of exchange, under s. 7, c. 51, Code, and deeds, under s. 3, c. 73. His signature, alone, is enough as to depositions under c. 130, s. 33, Code. Proff. Not. § 166; 16 Am. & Eng. Enc. Law, 757. And, as to affidavits, our statute requires certain further authentication. When, however, the court expressed its opinion to sustain the motion to quash the affidavit and supplemental affidavit, the plaintiffs asked leave to attach to said affidavits a certificate of a clerk in Ohio, to cure the said omission, and to prove the authenticity of said notary's certificate, but were refused. Ought the court to have allowed this amendment? I think so. Now, there is a difference between amending an attachment affidavit in matters of substance and matters of mere formality; between amending an affidavit in the substantial matter of the statement of cause of action, grounds of attachment, and material facts to sustain such grounds, and amending the certificate of jurat, or the certificate authenticating it. The amendment in the former case touches the essential rights of the defendant, whereas amendment of form does not, unless we say he has a vested and indisputable right to have a merely clerical or formal

error or omission stand incurable. With every passing
year the courts cease more and more to stand quaking
and appalled on discovering errors and omissions of igno-
rance or inadvertence that do not touch the vitals of the
controversy, and, taking up a courage which they did not
know in times gone by, they allow amendments that oper-
ate to cure these slips and bring the courts to a decision
of the real merits. Old and valuable and sensible is the
maxim. "*Ut res magis valeat quam pereat*" (that the
thing may rather have effect than perish). It arose in
days when technicality was generally dominant, as the
protest of better reason against it, and the courts are en-
forcing that maxim in our days more than ever before.
The legislatures have yielded to this evolution in many
statutes of amendment in pleadings called "statutes of
jeofails" and in other matters; but we must remember
that, from necessity, courts, without any statute, do pos-
sess inherently the power to correct misprisions, errors,
and omissions, clerical or formal, the acts of officers, and
even the parties litigant. *Miller* v. *Zeigler* (this term) 29
S. E. 981; *Anderson* v. *Coal Co.* 12 W. Va., 526.

Now, as to the particular defect in hand. It does not
savor of the substance of the affidavit, being only an omis-
sion to append a clerk's certificate to verify the notary's
official authority and the genuineness of his signature,—
facts existing, but not proven as yet, but provable by the
clerk's certificate offered as amendment. Why not receive
it? Affidavits for attachment, in matter of cause of ac-
tion and grounds of seizure of property, are not amenda-
ble, except as statutes allow. *Goodman* v. *Henry*, 42 W.
Va., 527, (26 S. E. 528),*Baking Co.*, v. *Bachman*, 38 W.Va.,
84, (18 S. E. 382). But, as to formalities, we cannot say
so. Many decisions draw this distinction between sub-
stance and form in matter of amendment. *Sommers* v.
*Allen* (decided November 1897) 28 S. E. 787; Wade At-
tachm. § 72; *Palmer* v. *Bosher*, 71 N. C. 291; *Shield* v. *Doth-
ard*, 59 Ala. 595; *Anderson* v. *Coal Co.*, 12 W. Va., 526. I
find the attachment case of *Lawton* v. *Kiel*, 51 Barb. 30, in
point; holding that an objection that an affidavit was sworn
to before a commissioner in another state, but no certifi-
cate of the secretary of state had been obtained as required

by the statute, was not fatal, as the omission might be amended and supplied. See, also, *Goldie* v. *McDonald*, 78 Ill. 605, allowing such further certificateas an amendment. Very often have courts permitted attachment affidavits to be amended, without a statute to enable them to do so. *Anderson* v. *Coal Co.*, 12 W. Va., 526; *Bank* v. *Gettinger*, 4 W. Va., 305; 1 Shinn, Attachm. § 131; *Stout* v. *Folger*, 34 Iowa, 71; Wade, Attachm. § 72; *Wiley* v. *Bennett*, 9 Baxt. 581; *Swearington* v. *Howser*, 37 Kan. 126, (14 Pac. 436). As this touches the evidence of the actual oath, it is just like cases where the failure to sign the jurat has been amended in our own and many other courts. Decrees quashing affidavits and attachments, and dismissing bill, are reversed; the motions to quash attachment and affidavits are over-ruled, and also the demurrer to the bill; and the cause is remanded for further proceedings.

*Reversed.*