FARRELL *v.* HOUSTON & W. ST. & P. F. R. Co.

*(Supreme Court, General Term, First Department.* January 28, 1889.)

1. HORSE AND STREET RAILWAYS—CONTRIBUTORY NEGLIGENCE.

Plaintiff's intestate boarded defendant's street-car and was injured by its derailment shortly after. His version of the accident was that, it being too dark to observe the destination of the car, he went to the door to inquire, and was obliged to place one foot outside the door to make room for a passenger who came to make change, when by failing to turn the switch at a junction, the car, which was going rapidly, was derailed, and he was thrown off, receiving serious injuries. The car had no conductor. This was corroborated by other evidence, but the driver contradicted it in most important particulars, saying that intestate came onto the platform and remained there though he directed him to go inside. He also denied that the car was going rapidly. The switch turned automatically by the weight of the horse, and in this instance turned the wrong way, owing, as defendant alleged, to the driver's attention being drawn by intestate. *Held,* that there was no evidence of contributory negligence on the part of intestate, as he was compelled to make his inquiries of the driver, and had a right to remain at the door until they were answered.[1]

2. SAME—EVIDENCE.

Such evidence sustains a verdict for plaintiff.

3. SAME—ABSENCE OF CONDUCTOR.

Whether there was a conductor on the car is material, as in that event there was no other person to whom a passenger's inquiries could properly be addressed.

Appeal from circuit court, New York county.

Action by James Donohue against the Houston & West Street & Pavonia Ferry Railway Company for injuries received by the alleged negligence of defendant. Judgment for plaintiff for $2,772.86, and defendant appealed. Pending the appeal plaintiff died, and the action was revived in the name of Maria Farrell, his administratrix.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Charles E. Miller,* for appellant. *Vanderpoel, Green & Cuming, (Henry Thompson,* of counsel,) for respondent.

VAN BRUNT, P. J. This action is brought to recover damages suffered by one James Donohue by being thrown off a car of the defendants, such car having run off the track at a switch. The evidence upon the part of the plaintiff tended to show that said James Donohue at the corner of Thirty-Second street and First avenue boarded a car of the defendants, and walked through and deposited his fare in the box. The car was a two-horse car, and had no conductor. It was about 10 o'clock at night, and Donohue could not see the lettering on the car, and was not sure of its destination. The front door was wide open. and he went and asked the driver where the car was going, and before he received a reply another passenger came to the front to get change. Donohue stepped a little to the left, standing with one foot outside of the door, and one foot inside of the door, to give the other passenger an opportunity to get his change. The car was late, and was going very fast. At the corner of Twenty-Ninth street and First avenue there is a switch placed upon the track of the style known as the "Automatic" switch. For some reason the horses stepping upon the switch turned the same from the Twenty-Ninth Street track, which should not have been done, and the car turned towards Twenty-Ninth street, the horses continuing down First avenue. The result was that the car was instantly derailed, and so great was its speed that it ran on the stones of the street a distance of from 15 to 18 feet. Donohue, standing in the doorway, was thrown to the left, clear off the car, and with great violence. He was badly bruised about the spine, his knee-cap injured, his mouth cut, and his right arm broken, and other injuries seem to have been

[1] As to the liability of horse and street car companies for negligent injuries to passengers, their duties as carriers, and what is negligence on the part of the company and of the passenger, see McCann v. Railroad Co., 3 N. Y. Supp. 418; Pallez v. Railroad Co., ante, 384; Ricketts v. Railway Co., (Ala.) 5 South. Rep. 353, and note.

sustained by him as the result of this accident. The driver of the car, upon the contrary, gives a different version of the happening of the accident. He contradicts Donohue upon all the material facts, alleging that the door was not open, but that it was opened by Donohue. That the driver attempted to keep him back, and told him that no one was allowed to ride upon the platform, and that, notwithstanding his warnings, he persisted in coming upon the platform. The car was going slowly, the horses were walking quite easy, and could not go any slower, and, as a result of Donohue's interference, the car missed the switch, and he went off the car. That he had not paid his fare, and that the driver told him to go inside and pay his fare, and that he would tell him when the car got to Desbrosses street ferry; and that, as a result of his standing upon the platform he was thrown from the car by the shock given to the car by its missing the switch.

The jury chose to believe the story of Donohue, corroborated as it was in some material facts by the evidence of witnesses who saw the car immediately prior to and at the time of the happening of the accident. It was proven overwhelmingly that the car was not going slowly, but that it was going at a high rate of speed, and that the shock which occurred at the time the car missed the track was very great. These things tended naturally to discredit the evidence of the driver, and it is not to be wondered at that the jury did not place much reliance upon the rather remarkable story which he told in reference to the conduct of Donohue when entering the car.

It is claimed upon the part of the appellant that Donohue was guilty of contributory negligence, and that, such negligence having contributed to the accident, no recovery can be had. We fail to find upon the record any evidence of such contributory negligence. There being no evidence or pretense that there were any signs within the car from which Donohue could determine its destination, he had the right to make inquiry of the person in charge of the car as to this fact; and there being no conductor upon the car, such inquiry was necessarily addressed to the driver. It does not appear that such inquiry was made in any other way than it should be made, except, perhaps, that it was interfering with the multifarious other duties which the driver was called upon to perform, and that he could not give the information which the plaintiff sought, and properly attend to the driving of the horses and the making of change, particularly as he was driving at a high rate of speed, evidently for the purpose of making up lost time. In making the inquiry in question Donohue addressed himself to the only person to whom he had the right so to do. The claim that he might have asked some other passenger on the car certainly has no foundation. The passengers were under no obligation to give information, and he had no right to trouble them with his inquiries. The inquiry was a natural one, and one to which he had a right to an answer; and, if the driver chose to keep him standing there without an answer, he certainly was not guilty of negligence in waiting until the driver should perform the duty which was due from him to a passenger on the car. The argument that because he tapped the driver upon his shoulder, the driver, therefore was disconcerted, and his attention distracted from his horses, seems to show that the appellant had but small ground upon which to base its claim of contributory negligence.

The next ground is that the verdict was against the weight of evidence. Upon the contrary, an examination of the testimony will show that if the jury had rendered a verdict otherwise, it would have seemed that they had not paid due regard to the impartial evidence which flatly contradicted the driver upon some important parts of his testimony.

The objection that the court was in error in allowing the respondent to inquire whether there was a conductor on the car is not well taken. In the first place, evidence of that fact was already in the case without objection; and, in the second, the plaintiff had a right to show that there was no conductor

on the car of whom the inquiry might be made, as otherwise such inquiry of the driver would have been entirely unnecessary, as the conductor would have been the proper person to address. There seems to be no error disclosed upon the record, and the judgment and order must be affirmed, with costs. All concur.