## John Purcell v. J. C. Henry.

1. PRACTICE—*Refusal to Allow Filing of Plea—When Proper.*— Where a defendant admits an indebtedness to the plaintiff, it is not error to refuse him leave to plead. The question being as to the amount due, can just as well be tried·upon the assessment of damages, without a plea as with one.

2. SAME—*Motions for New Trial—When Not Necessary.*—Errors of law committed by the judge during the progress of the trial, and duly excepted to at the time, may be assigned for error in an Appellate Court, though no motion for a new trial was interposed in the trial court.

3. SAME—*Bond for Costs—When Failure to Require Not Ground for Complaint.*—It appearing from a defendant's own affidavit that a judgment for some amount should be rendered against him, a refusal to require a non-resident plaintiff to file a cost bond could, under no circumstances, injure such defendant, and he can not complain.

4. EVIDENCE—*What Competent to Prove State of Account.*—A witness who states that he is not familiar with the deliveries of goods by the plaintiff to the defendant, but is familiar with the plaintiff's books and knows "something near" the amount of goods delivered, should not be allowed to state the condition of the account between the parties without reference to the books.

Assumpsit, on the common counts. Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded, unless remittitur be entered. Opinion filed December 14, 1896.

BANTZ & CASEY, attorneys for appellant.

ALLEN & BLAKE, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee, as plaintiff, to re-

cover from the appellant, as defendant, for a quantity of cord wood claimed to have been sold and delivered.

The defendant being defaulted for want of appearance, judgment for $804.53 was rendered against him.

A few days later, at the same term, the defendant appeared, and upon a showing made by affidavit, the court ordered a vacation of the judgment, but refused leave to the defendant to plead.

The defendant, by his affidavit, admitting that $233.31 was due from him to the plaintiff, it was not error to refuse him leave to plead. The only defense was as to the amount due, and that question could be just as well tried upon the assessment of damages without a plea as with one.

Subsequently, the cause was submitted to a jury to assess the plaintiff's damages, and upon the verdict for $772.80, judgment was rendered.

Upon that trial the defendant appeared, by counsel, and cross-examined the plaintiff's witnesses, but offered no evidence in his own behalf, as he had the right to do.

The errors assigned raise the questions that the verdict was contrary to the evidence, and that there was error in admitting improper evidence.

The plaintiff testified that the oral contract he had with the defendant was to ship to him wood from Indiana, at $3.50 a cord, less the freight to defendant's wood-yard in Chicago, and that he delivered wood to defendant under such contract, but he was unable to state how much, or what amount was due from the defendant on account thereof, he stating that his book-keeper, Riley Scholl, knew of the condition of the account. He also testified that he delivered one car load of eleven cords of a different kind of wood from that contemplated by the contract, but in answer to a question by his counsel as to the value of such wood, his answer was that "we sold it to others at four and a-half" dollars a cord.

Scholl, the book-keeper, was called, and in answer to a question by plaintiff's counsel as to whether he was familiar

with the shipments of wood by plaintiff to defendant, he answered: "No, but I am familiar with Mr. Henry's books."

This answer was followed by another question, as to whether he knew the number of cords shipped (which question was objected to by defendants, on the ground that the books would be the best evidence, but the objection was overruled and an exception duly taken to the ruling), to which he answered: "Yes, sir; something near it." Then in answer to the direct question of how many cords were shipped (to which there was also an overruling of an objection that was interposed and due exception taken), he answered, 775 11-32 cords of one kind, and eleven cords of another.

The examination then proceeded at some length, as to what amount the defendant had been credited with, and as to the value of the separate car load of eleven cords, when the court interrupted with a remark, which, together with all that followed, we quote:

"The Court: Why not find out how much they owe you?

Mr. Blake: What is the balance due? A. That is with the amount that was paid recently?

Q. Deducting the amount paid us, what is the balance due? A. $772.80.

The Court: That is all there is of this lawsuit, $772.80."

And there the evidence closed.

There were no instructions given to the jury, and none were asked.

The jury then returned a verdict for the amount stated in the final remark by the judge, and judgment upon the verdict was rendered.

A motion thereupon followed to set aside the judgment, which, being continued, was, at a subsequent term, overruled and this appeal has followed.

It must be apparent, we think, that there was no competent evidence to sustain the verdict.

The only witness who testified to the condition of the

Purcell v. Henry.

account between the parties and to the balance due, stated that he was not familiar with the shipments of wood, but was familiar with plaintiff's books.

The books were not introduced or offered, even if they would have furnished competent evidence of anything. The only evidence of the shipment of any wood consisted in the testimony of the plaintiff that some wood was delivered, but he did not know how much, and of the book-keeper that he knew "something near" the number of cords shipped, and then went on to specify what the number was.

How it was that this witness knew, in the absence of the books, what they showed, and how he knew what shipments were made, when he had testified previously that he did not know more than "something near" to it, is not made to appear in the case.

After he had testified to what was in substance equal to saying that he knew nothing about the matter, except what the books showed, his testimony was properly objected to, and the objection was improperly overruled.

Book accounts can not be proved in such a way, and shipments or deliveries of goods are required to be proved by the testimony of a witness who knows of them, or by some other competent evidence. Neither course of making the proof was observed in this instance.

But it is said that the error can not be urged because there was no motion for a new trial.

To deny that there was a motion for a new trial, is to assume that the motion to vacate the judgment was not equivalent to a motion for a new trial. But, however that may be, the incompetent testimony was objected to, and the grounds of the objection stated, as soon as it was offered, and the ruling of the court in overruling the objection was promptly excepted to.

The late Mr. Justice Bailey stated the rule to be as follows:

"The rule seems to be that errors of law committed by the judge during the progress of the trial and duly excepted to at the time, may be assigned for error in an Appellate

Court, though no motion for a new trial has been interposed in the trial court. * * * Alleging in a motion for a new trial errors of law committed during the trial, is merely calling upon the judge to decide a question which he has already determined, a second time. * * * The view above expressed is fully sustained by Smith v. Gillett, 50 Ill. 290, where, after consideration of various authorities, it was held that a decision of the trial court improperly excluding competent evidence, if excepted to at the time, may be assigned for error in an Appellate Court, though no motion for a new trial has been made." Leyenburger v. Paul, 25 Ill. App. 480.

There was no exception taken to the final remark of the court, which, it is argued, was what the jury predicated their verdict upon, and we will not comment concerning it.

Probably the plaintiff should have been required to file a bond for costs, but it appearing from defendant's own affidavit that a judgment for at least $233.31 should go against him, it does not appear that the error, if it were such, in denying his motion that plaintiff be required to file a bond, could, under any circumstances, injure him.

The judgment will be reversed and the cause remanded, unless the appellee shall elect, within ten days, to remit from his judgment down to the sum of $233.31, admitted by the defendant to be due.