### Richard W. Hill v. Chicago City Railway Company.

### Gen. No. 12,387.

1. GENERAL ISSUE—*what does not traverse.* The general issue in an action on the case for personal injuries does not put in issue the question as to the ownership of tracks and by whom the cars thereon are operated.

2. MOTION FOR NEW TRIAL—*when not essential to review.* No motion for a new trial is necessary to enable the plaintiff to assign as error the instruction of the court to find for the defendant, which instruction was in effect an exclusion of evidence from the jury.

3. BILL OF EXCEPTIONS—*when sufficiently shows that it contains all the evidence.* A bill of exceptions which, next after the end of the testimony of the last witness whose testimony is contained in the bill of exceptions, states that the "plaintiff rests," which statement likewise appears next after the defendant's motion to take the case from the jury, sufficiently shows that it contains all the evidence.

4. RES IPSA LOQUITUR—*when doctrine of, applies.* In a case where an injury results by reason of a street car upon which the plaintiff was a passenger suddenly leaving the track, the doctrine of *res ipsa loquitur* applies.

Action on the case for personal injuries. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed April 19, 1906.

EDWARD J. HILL, for plaintiff in error.

WILLIAM J. HYNES and SAMUEL S. PAGE, for defendant in error; MASON B. STARRING, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The plaintiff in error was plaintiff and defendant in error defendant in the trial court. The declaration, after averring, in the usual way, that the defendant was the owner of certain tracks, turnouts, etc., in State street between Madison street and Thirty-ninth street, in the city of Chicago, for the purpose of operating cars therein and carrying passengers, avers that it was the duty of the defendant to construct, furnish, maintain and provide, for such purpose, a safe track and safe appliances and machinery; "that contrary to and in violation of its said duty in that behalf, the said defendant so negligently and unskillfully had constructed and maintained its said track or tracks with the switches, turnouts and appliances belonging thereto, that the plaintiff, who was then and there a passenger upon one of the said grip-cars which the said defendant was then and there operating and running on its said track or tracks upon State street as aforesaid, and while the said plaintiff was exercising all due and reasonable care for his personal safety, and had taken a seat upon said grip-car for the purpose of riding and being carried thereon as such passenger from Madison street aforesaid to Thirty-sixth place in said city, the plaintiff was at a point in said State street, at or near the switch between Madison and Monroe streets and about 200 feet south of Madison street, violently thrown down and forward against the seat which was in front of him, and thence upon the ground and to the surface or pavement on said State street, whereby the plaintiff was grievously injured," etc.

The defendant pleaded the general issue, and the court, at the close of the plaintiff's evidence, on motion of the defendant, instructed the jury to find the defendant not guilty, which the jury did, and judgment was rendered for the defendant. The plaintiff was the only witness who testified as to the accident. State street runs north and south, and Washington, Madison and Thirty-ninth streets east and west, Madison street being the next cross-street

south of Washington street. The plaintiff testified as follows: "On the evening of October 26, 1900, I left my office, 309 Reaper block, Chicago, a little before six o'clock, and went over to State and Washington streets to take a car for home. There came along a grip-car attached to trailers, and I got on; they stopped at first a little below Washington street and I got on, on the east side of the car —a State street car; I got on the grip-car, second seat from the front; the train stood there for a few minutes, then crossing Madison street, waiting for a signal to go. We waited perhaps a minute or two, and the car started from Madison street, was going very rapidly, and when we got down to about 200 feet to the switch that is there, our car plunged into the street and stopped."

THE COURT: Q. "The grip-car?" A. "The grip-car on which I was."

THE COURT: Q. "Left the track?" A. "It did leave the track—partially left the track; the hind wheels, the hind part of the car went up, and the front went down; we slid along for perhaps two feet or so; it stopped as quick as scat, and I went up in the air; the seats rolled up; the front seat rolled up with me, and I attempted to catch the standard that was in front, when it stopped, it came back and pulled me around; I struck my right shoulder on the arm of the seat, and fell down and struck the running board and the stone pavements, racked my head all the way up here, and the seat came over and caught my left arm at about the wrist and pulled me around; it slipped down in between the seats and the standard, and I lay on my back; a couple of bystanders picked me up and assisted me to walk into a seat; I sat there near the walk for a few minutes; a large crowd gathered around, and the grip-man and other employes of the road were gathering there, and the policeman and they were telling how the thing occurred."

Counsel for defendant object that the plaintiff failed to prove that defendant owned the track or operated the cars; that no motion for a new trial was made by plaintiff; that

there is no recital in the bill of exceptions that it contains all the evidence; and that there is no specific evidence that the accident occurred as alleged in the declaration.

We are precluded by the opinion in McNulta v. Lockridge, 137 Ill. 270, from discussing, as if it were *res integra*, the question whether, under the pleadings, it was incumbent on the plaintiff to prove who owned and operated the tracks and cars. In that case it was averred in the declaration that McNulta was receiver of the Wabash, St. Louis & Pacific Railway Company, appointed as such by the Circuit Court of the United States for the Southern District of Illinois, and that, as such receiver, he was in possession of, using and operating the railway. The defendant pleaded the general issue only, and contended that while the general issue did not put in issue the character in which the defendant, McNulta, was sued, it did put in issue the ownership and operation of the railway, and that it was incumbent on the plaintiff to prove the same. But the court held the contrary, and said, among other things: "Again, suppose suit was brought against the Illinois Central Railroad Company, and the declaration averred that at the time when, etc., said company was operating the Illinois Central Railroad from Chicago to Cairo, at etc., on, etc., aforesaid, the plaintiff was a passenger on said railroad, and that by means of certain specified negligences on the part of the servants of the railroad company operating the train upon which he was a passenger, he, the plaintiff, received certain personal injuries. The plea of not guilty, and that only, being interposed, it could not properly be claimed that the suit of the plaintiff must fail, and for the reason that he did not introduce at the trial a witness who could testify, from his personal knowledge, that at the time when, etc., the corporation sued was operating the railroad, and that the conductor, engineer, fireman, and others operating the train, had been employed by the company sued, and were, in fact, its servants, and not the servants of some receiver or other person or corporation. In the case last stated it would be implicitly conceded by the pleadings, not only

that the Illinois Central Railroad Company was a corporation, but also that at the time of the alleged injury it was operating the particular line of railroad mentioned in the declaration, and that the operatives in charge of the train being run on said road were its servants and employes."

No motion for a new trial was necessary to enable the plaintiff to assign as error the instruction of the court to find for the defendant, which instruction was, in effect, an exclusion of the evidence from the jury. Smith v. Gillett, 50 Ill. 290; Wiley v. Town of Brimfield, 59 ib. 306; Purcell v. Henry, 67 Ill. App. 256.

In Marine Bank of Chicago v. Rushmore, 28 Ill. 463, 470, the court say: "In the case of Stickney et al. v. Cassell, 1 Gilm. 420, and again in the case of Harris et al. v. Miner, at this term, this court held that it was immaterial whether the fact is expressly stated that the bill of exceptions contains all the evidence, or is manifested in any other way. It is not expressly stated in this bill of exceptions, that it contains all the evidence offered, but it states, after reciting the evidence, 'the testimony here closed.' This is equivalent to an express averment that it was all the evidence heard in the cause. In practice, testimony is never considered closed until all the evidence is heard."

In this case in the bill of exceptions, next after the end of the testimony of the last witness whose testimony is contained in the bill of exceptions, are the words, "Plaintiff rests," next after which appears the defendant's motion to take the case from the jury. We think it apparent that the bill of exceptions contains all the evidence.

The defendant's main contention is, that the plaintiff did not prove the negligence averred in the declaration, viz., that the defendant had negligently and unskillfully constructed and maintained its said track or tracks, with the switches, turnouts and appliances belonging thereto. The evidence is that the plaintiff was a passenger, that the car ran off the track, and that the plaintiff was thereby injured, and there is no evidence that the accident was occasioned or contributed to by any fault or want of ordinary care of the plaintiff.

It is not a usual circumstance for a street car, moving on a track in a reasonably safe condition, to suddenly leave the track in such manner as to injure a passenger. On the contrary, it is a very exceptional circumstance, and were it not exceptional, few persons would risk riding in defendant's cars.

In Chicago City Ry. Co. v. Rood, 163 Ill. 477, the court say : "The weight of authority seems to be in favor of the position, that the mere happening of the accident, together with the exercise of ordinary care by the plaintiff, does not alone raise the presumption of negligence on the part of the defendant carrier. The rule is thus stated by Booth in his work on Street Railway Law (sec. 361): 'The mere fact that a passenger has been injured *en route*, without any evidence whatever as to the manner in which the accident occurred, does not raise a presumption of negligence against either of the parties, but the burden of proof shifts where the accident proceeds from an act of such a character that, when due care is taken in its performance, no injury ordinarily ensues from it, or where it is caused by the mismanagement of a thing over which the defendant has immediate control, or for the management or construction of which it is responsible.' Where the injury occurs by reason of any defect in the machinery or cars or apparatus or track of the carrier, or where there is anything improper or unskillful or negligent in the conduct of its servants, or unsafe in the appliances of transportation, the presumption then arises in favor of the negligence of the carrier, and the burden of rebutting this presumption is thrown upon it."

In Elliott on Railroads, vol. 4, sec. 1,634, p. 2,566, the author, commenting on accidents occasioned by the derailment of cars, says: "As such accidents do not ordinarily happen, however, unless the company fails to exercise such care, and it is better able to explain how they happened, proof of the derailment of the car, and injury thereby caused to the passenger, generally raises a presumption that the company was negligent," citing numerous cases, among which is P. P. & J. R'd Co. v. Reynolds, 88 Ill. 418, in

which case the court say: "A short distance north of Bath, the car on which was appellee was thrown from the track, down an embankment, turned bottom side up, and the appellee injured. The presumption, on the occurrence of such an accident, may be either that the track was out of order, or the train badly managed, or both causes combined to produce it, and the *onus* is on the company to show they were not negligent in any respect. The charge here is the bad condition of the track and want of care in running the train."

In Farrell v. Houston & W. St. etc. Ry. Co., 4 N. Y. Supp. 597, a car was derailed, by reason of an automatic switch being turned in a wrong direction, and a passenger was thrown from the car and injured; held, that he could recover.

We are of opinion that the jury might reasonably have inferred from the evidence, in the absence of any explanation by the defendant, that the car ran from the track, or became derailed, because the track, including its appurtenances, was in an unsafe condition. If the jury could so reasonably infer, then the court erred in taking the case from the jury. Evidence which tends to prove the plaintiff's case is such as that the jury could, without acting unreasonably in the eye of the law, decide in favor of the plaintiff. Bartelott v. International Bank, 119 Ill. 259, 272; Offutt v. Columbian Exposition, 175 ib. 472, 475.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*