DANIEL HEALY

*v.*

CHARLES M. CHARNLEY *et al.*

</div>

1. PRACTICE—*amendment of affidavit of claim.* Under the statute, it is within the discretion of the court to permit the plaintiff to amend the

original affidavit of claim filed with the declaration, so as to conform to the provisions of the law on that subject.

2. An affidavit of claim filed with the declaration, though no part thereof, is itself a pleading authorized by the statute, and is amendable like any other statement of the plaintiff's case.

3. SAME—*time for filing affidavit of claim may be extended.* Upon good cause shown, the time for filing an affidavit of claim may be extended for such reasonable time as the court shall order.

4. Where an affidavit of claim is filed with the declaration, and an amended affidavit is afterwards filed by leave of court, the amended affidavit will be treated as a new one, and the leave to file it will be regarded as, in effect, an extension of time in which to file it.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BONFIELD, SWEZEY & SMITH, for the appellant.

Messrs. BARNUM & CRANE, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

With the declaration plaintiffs filed an affidavit of claim. At the return term of the summons, defendant appeared and pleaded the general issue and set-off, but his pleas were not accompanied by any affidavit of merits. At the same term, having first obtained leave of court, plaintiffs amended their affidavit of claim, and, upon their motion, a rule was laid on defendant to file with his pleas, within five days. an affidavit of merits. This rule was not complied with, and, on motion, defendant's pleas were stricken from the files, judgment rendered against him as upon default, and damages assessed by the court.

Under our statute, it was within the discretion of the court to permit plaintiffs to amend the original affidavit of claim, so as to conform to the provisions of the law on that subject. Upon good cause shown, the time for filing such affidavit may be extended for such reasonable time ·as the court shall order. R. S. 1874, p. 779. sec. 37.

Treating the amended affidavit of claim as a new one, the leave of court to file it may be regarded, in effect, as an extension of time in which to file it, and it was therefore within the provisions of the statute.

Power is expressly given, however, by the 24th section of the Practice Act, to permit amendments "in any matter, either of form or substance, which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense."

The affidavit of claim, though no part of the declaration itself, was a pleading authorized by the statute, and was amendable like any other statement of plaintiff's cause. Under the plenary powers thus conferred upon the court, we entertain no doubt it could permit any amendment which might be necessary to enable plaintiff to maintain the action for the claim for which it was intended to be brought. The amendment permitted to the affidavit of claim was within the purview of the statute, and tended to enable plaintiffs to maintain their action. Hence there was no error in allowing it.

The other questions raised are the same as made in *Goldie* v. *McDonald*, 78 Ill. 605, and are disposed of by the opinion in that cause, to which reference is made for an expression of our views.

. The judgment will be affirmed.

*Judgment affirmed.*