# THE VILLAGE OF HYDE PARK

v.

## PAUL CORNELL ET AL.

PRACTICE—TRIAL BY COURT—MOTION FOR NEW TRIAL UNNECESSARY.—
Upon a trial by the court, without a jury, although no motion for new trial is made, an exception to the finding and judgment of the court will raise the question, on appeal or writ of error, of the sufficiency of the evidence to support the finding and judgment.

ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed December 8, 1879, as of May 2, 1879.

Mr. HENRY V. FREEMAN and Mr. CONSIDER H. WILLETT, for plaintiff in error; that the sort and form of local improvements which villages can make, rests in the discretion of their legislative body, cited Constitution 1870, Art. IX, § 9; Rev. Stat. 232.

Mr. JOHN P. WILSON, for defendants in error; that where a cause is tried by the court without a jury, the sufficiency of the evidence to support the finding, cannot be reviewed on appeal, unless a motion was made for new trial, cited Bills v. Stanton, 69 Ill. 51; Nimmo v. Kuykendall, 85 Ill. 476; Reichwold v. Gaylord, 73 Ill. 503; Choate v. Hathaway, 73 Ill. 518.

PLEASANTS, J. This was a proceeding to confirm a special assessment, levied by the village of Hyde Park. The cause was submitted for trial by the court without a jury, and the only question of fact in dispute was, whether the proposed improvement was a benefit to the property of the objectors.

The evidence on the part of the village consisted of the assessment roll itself, and the testimony of two witnesses; while the objectors introduced only one, apparently no more worthy of credence than either of the others, in simple contradiction; so that the finding in favor of the latter seems clearly against its weight.

But the point is made, that because a formal motion for a new trial was not entered and overruled, and exception thereto taken, it cannot be assigned for error that the finding was against the evidence; and in support of it we are referred to Bills v. Stanton, 69 Ill. 52; Reichwald v. Gaylord, 73 Id. 503; Choate v. Hathaway, Ib. 518, and Nimmo v. Kuykendall, 85 Ill. 476.

Notwithstanding the general language in some of these cases, we do not think they were intended to apply where, as here, upon a trial without a jury, exception was taken to the finding and judgment of the court.    In several of these it affirmatively appears. that no such exception was taken, and in none of them that it was.    And we are aware of no such case where it was, in which a motion for a new trial was held necessary.

On the other hand it has been repeatedly, expressly and uniformly held that upon such a trial, although no such motion be made, an exception to the finding and judgment of the court will raise the question, on appeal or writ of error, of the sufficiency of the evidence to support the finding and judgment. Metcalf v. Fouts, 27 Ill. 114; Mahoney v. Davis, 44 Id. 291; Jones v. Buffum, 50 Id. 277; and D. M. Force Mfg. Co. v. Horton, 74 Id. 310.    Between these two series of decisions, therefore, we see no real conflict.    And the statute itself, needing no construction, is a clear warrant for the practice.    R. S. 1874, p. 782, § 61.

For the reason above given, the judgment of the Circuit Court is reversed, and the cause remanded.

Reversed and remanded.