# CHARLES LEYENBERGER

## V.

# JAMES R. PAUL.

*Malicious Prosecution — Evidence of Character — Admissibility of — Instructions—Accuracy—When Required—Motion for New Trial.*

1. An instruction which has no basis in the evidence, but calls the attention of the jury to evidence which has been offered and persistently paraded before them, and has been excluded, is erroneous.

2. Where the evidence is sharply conflicting and the question presented is a doubtful one, the instructions must be accurate and free from any tendency to mislead the jury.

3. The action of a trial court in giving an improper instruction, if properly excepted to at the time, may be assigned for error in an appellate court, although the objection was not raised in the motion for a new trial.

4. In an action for a malicious prosecution, the principal question involved being that of probable cause, it is *held:* That evidence of the plaintiff's reputation for honesty and integrity, persistently offered but excluded, will not sustain an instruction touching that subject; that, the question involved being a very doubtful one and the evidence conflicting, it was incumbent on the court to instruct the jury with great accuracy, and to avoid giving any instruction which would have a tendency to mislead; and that the error in giving such instruction may be considered by this court, although it was not specified in the motion for a new trial.

## [Opinion filed March 28, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. ROBERT HERVEY, for appellant.

Mr. E. A. SHERBURNE, for appellee.

BAILEY, J. This case has twice been before this court, and is reported as Leyenberger v. Paul, 12 Ill. App. 635, and Paul v. Leyenberger, 17 Ill. App. 167. The action is for malicious prosecution, and is brought by Paul against Leyenberger to recover damages against him for causing the plaint-

Leyenberger v. Paul.

iff's arrest and imprisonment, maliciously and without probable cause, upon a charge of embezzlement. At the last trial the jury found the defendant guilty and assessed the plaintiff's damages at $3,500, and for that sum and costs the plaintiff had judgment.

The question principally litigated at the trial was whether there was probable cause for the arrest, and on that question the evidence was to a considerable degree conflicting. At the commencement of the trial the plaintiff's counsel called seven witnesses who had known the plaintiff for various periods of time from ten to thirty years, and after having said witnesses severally sworn, offered to prove by each of them that he knew the plaintiff's reputation for honesty and integrity in the community where he lived, and that such reputation was good and unimpeachable. On objection by the defendant this evidence was all excluded, and no other evidence as to the plaintiff's reputation for honesty and integrity was offered by either party. At the close of the evidence the plaintiff's counsel asked and the court gave to the jury the following instruction:

"The jury are instructed that, in determining whether or not the defendant had probable cause to believe and did believe in good faith that the plaintiff was guilty of the crime alleged against him, they may, in connection with all the other evidence in the case, take into consideration the evidence, if any, relating to the character and reputation for honesty and integrity of the plaintiff, so far as the defendant at the time of the arrest had knowledge of the same, if the evidence shows that at said time the defendant had any knowledge of the same."

It does not seem to be material, for the purposes of this case, to inquire whether the evidence as to the plaintiff's reputation was properly excluded or not. The decision of the court in that behalf is not challenged by any assignment of error by either party, and must therefore be held to have been proper. But the rule as to the admission of evidence of that character is stated in Skidmore v. Bricker, 77 Ill. 164, as follows: " Where a person has an unblemished character, and

the prosecuting witness is aware of that fact, it necessarily requires more evidence to create a reasonable belief of guilt, than when the accused has a bad character; and in cases where the prosecution is based on belief, this character of evidence is proper for the purpose indicated, but the reason of the rule ceases when the charge is based on knowledge of the facts." In the present case the prosecution was not based on information and belief, but on Leyenberger's own personal knowledge, and therefore, under the rule thus stated, evidence of character was inadmissible, at least until the plaintiff's character had been attacked or called in question by evidence offered by the defendant. But whether said evidence was properly excluded or not, it was not before the jury and so could not serve as the basis of an instruction.

That the instruction given was erroneous does not admit of doubt. Not only was there no evidence in the record to which it could apply, but it called the attention of the jury to evidence which had been offered and persistently paraded before them, but which had been excluded. The instruction was an intimation to the jury that there was evidence before them bearing upon the question of the plaintiff's reputation for honesty and integrity, and, as the only evidence on that subject which had been offered was that which the court excluded, the instruction may have been well understood by the jury as intimating that such evidence, though excluded, was still subject to their consideration, and had a legitimate bearing upon the issues which they were to decide.

An instruction very nearly identical with the foregoing, where there was no evidence of the plaintiff's reputation for honesty, was condemned by this court in Frankfurter v. Bryan, 12 Ill. App. 549. It is a rule too familiar to require a citation of authorities, that instructions to the jury must be based upon the evidence, and that instructions, therefore, which have no evidence to support them are erroneous.

While an appellate court should not, perhaps, always reverse for an error of this character, still, whenever it is apparent from all the circumstances of the case that the jury have probably been misled to the injury of the party assigning the

Leyenberger v. Paul.

error, a new trial should be awarded. We think this is a case of that character. This conclusion is forced upon us in part by the unusual course adopted by the counsel for the plaintiff in his offers of evidence of the plaintiff's good character. When he had produced one witness on that subject and offered his testimony, and such testimony had been excluded and the plaintiff's exception had been entered, the point which the counsel sought to make was as completely and effectually preserved in the record as it could be by the offer of any number of additional witnesses to the same point. He, however, did not content himself with the offer, but saw fit to introduce six other witnesses, one after another, and put to them the same questions, and repeated in the case of each the same offer. Whatever may have been the counsel's motives, the tendency of such proceeding manifestly was to produce a conviction in the minds of the jury that the plaintiff was able, and if permitted would, establish his good character by a most formidable array of witnesses. After this had been done, the prejudicial effect of an instruction calling the attention of the jury to the evidence of the plaintiff's good character is too obvious to be overlooked.

The real contest in the case, as we have said, was upon the issue of probable cause. We have examined all the evidence bearing on that issue with care, and are unable to say that we are entirely satisfied with the conclusion at which the jury arrived. The question, under all the evidence, being a very doubtful one, it was incumbent on the court to instruct the jury with great accuracy, and to avoid giving any instruction which would have a tendency to mislead them. The above instruction, under the circumstances of the case, had clearly that tendency, and the error in giving it is one for which the judgment must be reversed.

But it is urged that the error in giving said instruction can not be considered here for the reason that it was not specified in the defendant's motion for a new trial. This point, we think, is not well taken. The instruction was excepted to at the time, and so is subject to review on appeal whether there has been a motion for a new trial or not. The rule

seems to be that errors of law committed by the Judge during the progress of the trial and duly excepted to at the time, may be assigned for error in an appellate court though no motion for a new trial has been interposed in the trial court, but that the verdict of the jury can not be assailed as being contrary to the law or the evidence, or as awarding too large an amount of damages, until the Judge before whom the trial was had, has been called upon by motion for a new trial to supervise the verdict and determine its correctness. Alleging in a motion for a new trial errors of law committed during the trial, is merely calling upon the Judge to decide a question which he has already determined, a second time; but questions pertaining to the verdict are presented to him for the first time by the motion for a new trial. It is for this reason that the law requires parties complaining of the verdict to submit their objections to the trial court before urging them on appeal. The matter complained of must be submitted to and decided by the court below before an appellate court will take cognizance of it, but an erroneous ruling once made and excepted to is no more erroneous by reason of being decided by the trial court a second time.

The view above expressed is fully sustained by Smith v. Gillett, 50 Ill. 290, where, after consideration of various authorities, it was held that a decision of the trial court improperly excluding competent evidence, if excepted to at the time, may be assigned for error in an appellate court, though no motion for a new trial has been made. The court in the opinion, cite and overrule the case of Evans v. Lohr, 2 Scam. 511, in which it was held that where a court has given improper instructions to the jury, or withheld such as are legal and appropriate, the proper course to adopt to enable an appellate court to correct the error is to apply for a new trial. In commenting upon this case the court say:

"This was not the point in the case, and if it was, we are inclined to think the reason given for the practice was not a sound one, for by a motion for a new trial the court could not correct the error in the instruction. No correction would have been available, as such motion is never made until after the jury is discharged from the case."

But it is said that a different rule has been adopted by the Supreme Court in more recent decisions, and upon that proposition we are cited to O., O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; Emory v. Addis, 71 Ill. 273, and Jones v. Jones, 71 Ill. 562. We have examined these decisions and fail to find that they are really at variance with Smith v. Gillett, *supra*. In O., O. & F. R. V. R. R. Co. v. McMath, a motion for a new trial was interposed, but no grounds therefor were particularly specified as required by the statute. The ground upon which a new trial was, in fact, sought, was that the verdict was contrary to the law and the evidence. The court held that so long as neither the opposite party nor the court below required that the points for a new trial should be in writing, the necessity of a specific statement of such points was to be regarded as waived. In the opinion the court does say: "If plaintiff in error had filed certain points in writing particularly specifying the grounds of his motion, then he would, of course, be confined in the Appellate Court to the reasons specified in the court below, and would be held to have waived all causes for a new trial not set forth in his written grounds." The proposition thus stated was not before the court for decision, and the cases to which the court refers in support of the doctrine stated, viz., Emory v. Addis and Jones v. Jones, *supra*, are both cases where the ground for a new trial was that the damages awarded by the verdict were excessive. Where the complaint is that the damages are excessive, or that the verdict is against the law or the evidence, such ground must undoubtedly be presented to the court below by motion for a new trial or it will be considered as waived, and this is all that is established by the three authorities last above cited.

For the error in giving the foregoing instruction the judgment will be reversed and the cause remanded.

*Judgment reversed.*