DANIEL J. HUBBARD, IMPLEADED, ETC.,

v.

R. HALL McCORMICK AND WILLIAM H. BEEBE.

*Landlord and Tenant—Rent—Recovery of—Set-off—Pleading—General Issue—Evidence.*

In an action brought for the recovery of rent, the defendant has the right under the general issue to show payment, accord and satisfaction, and with few exceptions, any other matter which wholly or partly extinguished the cause of action.

[Opinion filed September 11, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. FRANKLIN P. SIMONS, for appellant.

Mr. E. A. SHERBURNE, for appellees.

GARY, J.  The appellees demised to the appellant and Carrie L. Metcalfe, two office rooms, for a term of two years, ending April 30, 1886, the rent being $25 per month, payable monthly in advance.   She occupied the rooms part of the first year, when one Clark succeeded her in the possession.  The case is not very clearly presented by the record, but it seems to show that Clark left on or before May 1, 1885. January 25, 1886, the appellants commenced this suit in

assumpsit against the lessees.   The appellant alone was served and defended.   The declaration alleged that $225 of the rent was due and unpaid when the suit was commenced.   The finding of the court, trying the case without a jury, was for the appellees, $265.   This amount could not be made up by accruing interests, and the discrepancy can only be disregarded by the application of the rule stated in Thomas v. Roosa, 7 Johns. (N. Y.) 461, that the court will intend that the damages could not have been given if a good breach of the contract to pay had not been shown.   On the trial the appellant testified that Clark had the rooms furnished in fine style, and enumerated a number of articles which must have been of considerable value, and offered to prove the actual value, and that one of the appellees told the appellant that they had taken the furniture on account of the rent.   This offer was rejected, upon the ground that a set-off could not be admitted under the general issue.

But it was not a set-off.   If taken on account of the rent, it was satisfaction of the rent to the extent of its value, if no price was agreed upon; or to the extent of the price, if agreed upon.   Under the general issue the appellant had the right to show payment, accord and satisfaction, and, with few exceptions, any other matter which wholly or partly extinguished the appellee's cause of action.   1 Ch. Pl. 478, Ed. 1844.

The refusal to admit this testimony was erroneous, and being excepted to, and now assigned as error, the judgment ought to be reversed.   But the case, Nason v. Letz, 73 Ill. 371, stands in the way.   There, as here, proper evidence was excluded; there, as here, the bill of exceptions did not show a motion for a new trial denied, and upon that the court say: " We are prohibited from inquiring into the question whether the court erred in rejecting this evidence.   It was only ground for a new trial if erroneous, and should have been so urged; and on overruling the motion, it should have been preserved in a bill of exceptions, before error could be assigned on that decision of the court."   That case has been twice cited since by that court in volumes preceding Vol. 120. Whether in later ones can not readily be ascertained.   It has not

been criticised. The report of that case, however, does not show that the action of the court in rejecting the offered evidence was excepted to at the time. It is a probable inference that it was, but not certain. It seems unnecessary that a court should commit the same error twice before it can be corrected.

The reasoning and the authority to the contrary in Levenberger v. Paul, 25 Ill. App. 480, is satisfactory and convincing. Gauche v. Mayer, 27 Ill. 134; Lowe v. Moss, 12 Ill. 477.

*Reversed and remanded.*