# CASES

IN THE,

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—MARCH TERM, 1890.

## HENRY BRETTMAN
### v.
## JOSEPH BRAUN.

*Practice—Motion for New Trial—Trial by Court—Holdings of Law—Negligence—Burden of Proof.*

1. Where exception is duly taken to the finding and judgment of the court, in a case tried without a jury, a motion for a new trial is not necessary in order to permit the Appellate Court to pass on the sufficiency of the evidence.

2. In an action for damages caused by defendant's team while running away, the judge may properly refuse to hold that the owner of a team is not liable for damages caused by their running away through fright at something over which such owner had no control, unless he is shown to have been guilty of negligence, where he has held that the burden of proof is on plaintiff to show that the damage resulted from defendant's negligence in the use or management of his team.

[Opinion filed June 2, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Mr. WILLIAM NUNN, for appellant.

Mr. J. H. HIMES, for appellee.

GARY, P. J.  This case was tried by the court without a jury.  The finding of the court and the judgment upon it, were excepted to by the appellant, but no motion was made for a new trial.  The appellee insists that without such a motion the sufficiency of the evidence to warrant the finding can not be questioned.  The law is the other way.  The cases are reviewed in Hyde Park v. Cornell, 4 Ill. App. 602.

It is not really necessary that the court shall commit the same error more than once in the same case, to bring it before a court of appellate jurisdiction for review. Leyenberger v. Paul, 25 Ill. App. 480; Hubbard v. McCormick, 33 Ill. App. 486.  The case is that the appellant, a farmer, hitched his team to a ring in a plank sidewalk, in the city of Chicago, without any examination as to the fastening of the plank; the horses got scared and ran away, taking the plank, six or eight feet long and as many inches wide, with them.  He knew that the team had run away before in the country.  There was a collision with the horse and wagon of the appellee and the amount of damage done is not in question.  The appellant asked the court to hold as law: "The owner of a team of horses is not liable for damages caused by the running away of the same, by fright at something over which the owner of the team has no control, unless the owner is shown, by the evidence, to have been guilty of negligence at the time of the running away, in the use or management of the team;" which the court refused, but did hold : " And that the burden of proof is on the plaintiff to show that the damage resulted from the negligence of the defendant in the use or management of his team."

Without regard to the criticism that might be made on the first proposition, that the absence of negligence " at the time of the running away " does not exclude negligence in hitching the team insecurely, the second proposition covered the point of law of the first, and holding it once was enough.

On the facts, the finding of the court is final on a question of this kind.  There is no error and the judgment is affirmed.

*Judgment affirmed.*