## J. B. Hoffmann v. The World's Columbian Exposition.

1. PLEADING—*English Rules Not in Force Here.*—The rules of pleading established in England in 1834, were never in force in the State of Illinois. (1 Chitty's Pleadings, Ed. 1844, 475, 512, 733.)

2. SAME—*Services—Good Cause for Discharge, Under the General Issue.*—In an action for services rendered under a contract where the plaintiff was discharged before the expiration of the time, the defense of a good cause for discharge is admissible under the general issue.

3. WAGES—*Of a Servant to the Date of His Discharge.*—A person in the service of another and who is discharged, is entitled to his wages to the date of his discharge.

4. APPELLATE COURT PRACTICE—*Errors, How Taken Advantage of.*—The doctrine of the Appellate Court that an error may be taken advantage of in such court, though committed but once in the court below, is modified in accordance with the rule announced in Hintz v. Graupner, 138 Ill. 158.

Memorandum.—Assumpsit. In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Declaration, special

count on written agreement and common counts; plea, general issue and affidavit of merits; trial by jury; verdict and judgment for defendant; plaintiff appeals. Heard in this court at the October term, 1894. Affirmed. Opinion filed November 12, 1894.

Louis Weber, attorney for appellant.

Walker & Eddy, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellant was employed at $40 a week as a musician by the appellee "for about six months * * * beginning May, 1893." Whether on the 7th day of October, 1893, he gave cause for his discharge, and whether in fact he was discharged before the 11th day of the same month, were questions of fact for the jury, and the verdict is final.

Appellant's first point is that the defense of good cause for discharge could not be made without special plea, and for authority cites Speck v. Phillips, 5 Mee. & Wels. 279, and Cooper v. Whitehouse, 6 Car. & P. 545, which cases were decided under rules of pleading established in England in 1834, and never in force here. 1 Ch. Pl., Ed. 1844, 475, 512, 733. The defense was admissible under the general issue. Wineman v. Oberne, 40 Ill. App. 269, and authority referred to.

Among the instructions given for appellee was this:

"If you find from the evidence that the plaintiff on the afternoon of October 7th and shortly after leaving the stand, knew why the band was ordered off the band stand, and that he afterward made no offer to return and play his part in the mass concert, then your verdict must be for the defendant."

Now, assume that he was properly discharged on the 11th, for good cause given on the 7th, yet it needs no authority that he is entitled to be paid until discharged. He had been paid to Saturday, the 7th.

The appellee urges that as that instruction, though excepted to when given, was not among the grounds for which a new trial was asked, it can not now be assigned as error.

The doctrine of this court has been, that an error might be taken advantage of, though committed but once below. Mackin v. Blythe, 35 Ill. App. 216; Brettman v. Braun, 37 Ill. App. 17; Smith v. Hall, Ibid. 28; but the doctrine of the Supreme Court in Hintz v. Graupner, 138 Ill. 158, in which case, as we know from our own record, the instruction given was excepted to, is otherwise; and we are to obey that court, however conclusive to our own minds is the reasoning to the contrary in Leyenberger v. Paul, 25 Ill. App. 480.

Without a wrong instruction we can not reverse the judgment, and an instruction waived is equivalent to none.

Therefore, erroneous though the instruction be, we can not reverse on account of it, and the judgment is affirmed.