## State Bank of Chicago v. A. Boyesen et al.

1. GARNISHMENT—*Nature of the Proceeding.*—Garnishment is a proceeding at law in which the garnishor is not entitled to recover unless the judgment debtor could recover a judgment against the garnishee in a suit at law prosecuted by him personally, and in his own right.

2. JURISDICTION—*Of the Appellate Court When a Jury Has Been Waived.*—The Appellate Court has jurisdiction to review a case upon the merits when a jury was waived and the cause submitted to the court below for trial, although no propositions of law were submitted to the trial court for its holdings thereon.

Garnishment.—Appeal from the Circuit Court of Cook County; the Hon. George W. Brown, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed January 20, 1900. Rehearing denied. Mr. Justice Freeman dissenting.

Statement.—Appellant was summoned as garnishee in an attachment proceeding by appellee against one J. G. Thweatt, a resident of Arkansas.

On or about the 14th or 15th of July, 1896, appellant received the following letter:

"Devalls Bluff, Prairie County, Arkansas.
July 11, 1896."
"State Bank of Chicago, Chicago, Ill.
"Gents: Enclosed find two notes signed by myself and mortgage executed by myself & wf. to W. B. Williams, trustee, Anna A. Jones, beneficiary, conveying lot of lands in Lee Co., this State. Let Mr. Williams inspect the notes and mortgage. Mr. Williams will likely place in your hands for inspection and collection a deed from Anna A. Jones to me to lands embraced in mortgage. When he does, notify at once Mess. Ferguson & Goodnow, 84 La-Salle St., and let them inspect it. If O. K. I will wire you where to present the deed for payment of purchase money, to be paid cash. This and the notes and mortgage you will turn over to Mr. Williams or party presenting deed. Messrs. F. & G. will wire me if deed is O. K. Acknowledge receipt, please.

Yours,
J. G. Thweatt."

This letter contained inclosures as follows :

Two notes, both bearing date July 6, 1896, signed by J. G. Thweatt, and payable to Anna A. Jones or order, each for $3,852.20, and due one in twelve and the other in twenty-four months from date thereof, with interest at the rate of seven per cent per annum from date until paid. Also a trust deed signed by said Thweatt and wife, conveying 3,852.21 acres of land in Lee county, Arkansas, to W. B. Williams in trust, to secure the payment of the two above described notes, which said trust deed was acknowledged before a notary public of Prairie county, Arkansas, but not recorded.

A few days thereafter appellant received the following letter :

"JULY 20, 1896.

" CASHIER, STATE BANK OF CHICAGO,
          " Chicago, Ill.

" DEAR SIR : I hereby hand you my check for the sum of $3,582, to be used as a cash payment on 3,581 acres of land in sections 2, 3, 10, 11, 12, 13, 14, 15 and 23, in township number 3 north of range number 1 of the fifth principal meridian, in Lee county, State of Arkansas. This money to be paid to W. B. Williams, of number 7 Board of Trade, Chicago, upon the delivery to you of a good and sufficient warranty deed conveying said lands, executed by Anna A. Jones to J. G. Thweatt, according to the statutes of the State of Arkansas, reserving the right to examine said deed before money is paid to said W. B. Williams, and in case of failure on the part of said Williams to deliver said deed, then the money to be placed to my credit. In this same transaction, I am advised by J. G. Thweatt, of Devall's Bluff, Arkansas, that he has forwarded to your bank mortgages and notes for the balance of the purchase money on said lands.

                    Yours truly,
                              L. JOHNSON."

The check inclosed was as follows :

" No. 213.          .          CHICAGO, July 15, 1896.

" State Bank of Chicago, pay to order of yourselves $3,582, thirty-five hundred and eighty-two dollars.
                              L. JOHNSON."

There was money to meet this check to the credit of said

Johnson in the appellant bank, and upon service of the writ the bank certified the check and filed it away with the garnishment papers relating to this case.

The same day the above letter from Johnson was received the cashier of appellant sent the following letter :

"Chicago, July 20, 1896.

" W. B. Williams, Esq.,
Number 7 Board of Trade, Chicago.

"Dear Sir : We are in receipt of certain papers from Mr. J. G. Thweatt of Devall's Bluff, Arkansas, consisting of mortgage deed and two notes of $3,852, together with cash to the amount of $3,582, all of which we are instructed to deliver to you upon the receipt by us of a good and sufficient warranty deed to the land described in said mortgage. We stand ready to pay the above amount to you or your representative upon the receipt of the above described deed.

" Please send it to us at your earliest convenience, or advise us when it will be convenient for you to have our messenger call upon you, as we wish this matter settled up as soon as possible.

"Awaiting your early reply, we remain
Yours truly,
John R. Lindgren,
Cashier."

Deneen & Hamill and Edwin White Moore, attorneys for appellant.

Daniel V. Samuels, attorney for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

There is no testimony in this case showing when the money standing to the credit of said Johnson in appellant bank was deposited there or from whom or what source it came. Therefore, so far as appears from this record, that money belonged to said Johnson. By his said check he authorized the payment or appropriation of the amount named therein for the purpose and in the manner stated in his letter inclosing said check to appellant. Said Thweatt was not served personally with process in said garnishee

proceeding, neither was his appearance entered in the case. There is no judgment against him *in personam*. It is urged that the declaration does not state a cause of action. The court had jurisdiction and it is therefore not for appellant to question the judgment. Said Johnson is not a party to this proceeding and can not therefore be bound by the judgment. The testimony fails utterly to show his interest, if any, in the lands, the purchase of which, from said Williams, was contemplated. It is just as reasonable to suppose or imagine that said Johnson was jointly interested in such purchase as to suppose or imagine, as it is urged, that the money represented by said check belonged to said Thweatt. We can not rest a decision upon a theory based upon imagination of what is not proven.

That letter states that said money is to be paid to one Williams upon the delivery to appellant of a certain warranty deed. There is no testimony tending to show that such deed was ever delivered to appellant, or that there was ever any offer to deliver the same or any tender thereof.

As we understand this case it is simply this: Mr. Johnson put $3,582 of his own money into the hands of appellant with direction to appellant to pay the same to Mr. Williams upon the delivery by said Williams to appellant of a certain warranty deed (the right being reserved to examine said deed before the money is paid). We are unable to discover any theory upon which it may be correctly held that such money can be appropriated to pay a debt due from said Thweatt.

Assume it to be true, as contended by appellee, that the letter signed by the cashier of appellant (although written by the collection clerk) stated to Mr. Williams that said money was received from said Thweatt; that does not change the legal rights of the parties to this suit. Mr. Williams is not claiming anything here against appellant. If he had done or suffered anything on account of that letter, appellant might be estopped as against him, from claiming that said money was not in fact received from said Thweatt. But there is no testimony tending to show that

appellee did or suffered anything by reason of said letter. Appellant is not, therefore, estopped by said letter from asserting in this case, and as against appellee, that the statement in said letter that the money came from Thweatt was incorrect.

The letter from Thweatt to appellant states in substance that when the warranty deed therein mentioned is placed in the hands of appellant, notice is to be given to attorneys therein named, who would examine the same, and that if said attorneys wired him (Thweatt) that the "deed is O. K." that he (Thweatt) would wire appellant "where to present the deed for payment of purchase money to be paid in cash." No deed was placed in the hands of appellant as contemplated by said letter. Hence, and of course, no examination of the deed referred to could be made by the attorneys, and said Thweatt never wired appellant where to present said deed for the payment of purchase money. So far as this record shows, there was never any interview between said Thweatt, or any one acting for him, and any one representing appellant, and never any other letter from him received by appellant.

The letter from Thweatt and the one from Johnson both mention the same names as parties to the warranty deed, and it may be assumed that they both refer to the same transaction. But it does not follow that the money in bank to Johnson's credit belonged to Thweatt. Counsel for appellee in their printed argument said that "Johnson was the confidential agent of Thweatt, who sent the money to him (Johnson) for delivery to the bank." Counsel make no reference to any testimony to support this statement, nor have we noticed any such testimony. Neither is there any testimony to warrant the serious imputation contained in said printed argument, when it is there said that "We may surmise that Johnson could not be induced to perjure himself for the benefit of Thweatt or the bank." When there is no reliable testimony upon which to base such an imputation it should not be made.

This is a proceeding at law, and the appellee is not entitled

to recover in this suit unless said Thweatt could maintain a judgment against appellant in a suit at law prosecuted by him personally and in his own right. The testimony in this record would not warrant a recovery by Thweatt against appellant for the money represented by said check drawn by said Johnson. Therefore appellee can not sustain such a recovery. Webster v. Steele, 75 Ill. 544.

This court has jurisdiction to review a case upon the merits when a jury was waived and the cause submitted to the court for trial, although no propositions of law were submitted to the court for its holdings thereon. Flood v. Leonard, 44 Ill. App. 113; Armstrong v. Barrett, 46 Ill. App. 194; Hollenberg v. Tompkins, 49 Ill. App. 325.

The judgment of the Circuit Court is reversed and the cause remanded.

Mr. JUSTICE FREEMAN dissenting.

I can not concur in the foregoing opinion, nor the conclusion stated, and have concluded to state my reasons.

The principal question is whether the evidence warrants the finding that appellant was indebted to Thweatt, it being contended that the money in controversy was not the property of the attachment debtor. It is also urged that the declaration does not state a cause of action.

The defendant Thweatt did not appear. His default was entered, damages were assessed by a jury and judgment rendered against him in favor of appellee. The evidence upon which such verdict and judgment were based is not preserved by bill of exceptions, and the record is silent except as to the fact.

The declaration contains the common counts together with a special count, which appellant insists shows affirmatively that appellee has no cause of action. It is urged that this special count is not merely a defective statement of a good cause of action, but states no cause of action at all. It states in substance that the defendant Thweatt agreed to purchase for appellee a ranch in Arkansas, which is described, at an agreed price, and that it was agreed Thweatt

should receive a commission of five per cent on the said purchase price as his compensation; that he did buy the land at the agreed price, but endeavored to obtain from appellee an extra dollar per acre for himself by false representations which were partially successful; that after fraudulently obtaining from appellee five hundred dollars, when his misconduct was discovered he sought to obtain the title himself and endeavored to deprive appellee of the purchase, breaking his agreement, thus compelling appellee to pay nearly four thousand dollars more than he would have paid but for Thweatt's violation of the contract.

While this special count may be justly open to criticism it is not, I think, open to the objection that it does not state facts which sufficiently show appellee to have been damaged by the defendant's alleged violation of the contract. Even if it be conceded that the declaration was defective, it is still a declaration in the case and might have been amended on leave of court, had objection been made to it at the proper time. Tunnison v. Field, 21 Ill. 107, (109). The wording of the affidavit upon which the attachment writ was based is said to state a cause of action different in its nature from that set forth in the special count. But this objection need not be considered. It seems to be conceded by appellant's counsel that if the special count states a cause of action, it will support the judgment, and it has been held as to an affidavit of claim that it is a pleading authorized by statute, and amendable like any other statement of plaintiff's case. Healy v. Charnley et al., 79 Ill. 592. Whatever force there may be in the objection, the affidavit complies, in form at least, with the requirement of the statute, and gave the court jurisdiction; and where the court has jurisdiction its errors and irregularities can only be called in question by the defendant, and that, too, in a direct proceeding for the purpose. The garnishee has no cause to complain, for he will be protected in the payment of the judgment. Dennison v. Taylor, 142 Ill. 45 (51); Pomeroy v. Rand, 157 Ill. 176–184. The question of the sufficiency of the declaration

would only arise upon appeal or writ of error from the judgment itself. Nat. Ins. Co. v. Chamber of Commerce, 69 Ill. 22 (27).

The issue raised by the answer of appellant as garnishee was submitted to the court for trial without a jury. The court found that appellant was indebted to Thweatt, and had in its possession subject to garnishment, the sum of thirty-five hundred and eighty-two dollars, and judgment was rendered accordingly. I believe this judgment to be supported by the evidence, and radically disagree in this respect with the preceding opinion. The objection urged is that inasmuch as the money in controversy was paid to the bank by or through one L. Johnson, who stipulated in his letter accompanying the check that in case Williams should fail to deliver the deed in accordance with the directions given, the money should be placed by the bank to his credit, that the bank accepted it on those terms, and was bound to so return it to Johnson. Conceding this to be true as between the bank and Johnson, it proves nothing as to the ownership of the money itself. If it was in fact the money of the defendant in the attachment proceeding, it was equally liable to seizure under the writ whether in the hands of Johnson or the bank. Johnson asserts no interest. The bank by its cashier's letter says the money was received from Thweatt. Aside from Thweatt himself, who does not appear, no one can be more familiar with the facts, no one knows the truth about it better, than Johnson and the appellant.

Neither of them denies Thweatt's ownership, nor attempts to rebut the presumption that he was paying his own money for the land he was buying for himself in his own name. The secretary of appellant testifies that Johnson had at the time an account at the bank; that he was good for his checks, and that after service of the writ, appellant certified the check, "when it occurred to us that Mr. Johnson might draw out the money because of some controversy he might have with other parties." Whether this account was for the exact sum represented by Johnson's check does not appear.

The trial court, with the witnesses and evidence before it, found the money in question to be the property of Thweatt, and in my judgment the evidence fully justifies the finding.

The original letter from Thweatt inclosed notes made by himself apparently for two-thirds of the purchase money and a mortgage executed by himself and wife to secure the same, and he tells the bank he will notify it where to get payment of that part of the purchase price to be paid in cash. A few days thereafter, the cash payment referred to is handed over to the bank by Johnson, with a statement that it is the money to be used in closing up the same transaction and to be paid for the deed of the premises to Thweatt. There is no hint of any other party having the slightest interest in the money so paid to appellant. It is said in Johnson's letter that if the deed is not delivered then the money should be placed to his credit again. But this is entirely consistent with his mere agency and does not indicate any title in himself.

The money was in appellant's hands to make the cash payment on a conveyance of land to Thweatt. The notes and mortgage to be turned over at the same time " for the balance of the purchase money on said lands" were signed by Thweatt. The evidence makes out a *prima facie* case, to say the least, that the money in question was Thweatt's, no matter where it came from or how it got into the bank's hands. It is only by an exercise of imagination that any presumptions to the contrary can be indulged in. And I am compelled to differ *in toto* from the statements in the preceding opinion to the effect that there is no evidence showing " from whom or what source it came," or that Johnson put " his own money " into appellant's hands. The last statement is a pure assumption as I read the evidence. Appellant's counsel themselves go no further than to state that it does not appear in evidence " what interest Johnson had in the deal or why he furnished the money."

A *prima facie* case is made out where it is supported " at first view or appearance." Bouvier's Law Dic. In this

State, proof of mailing notices properly addressed is *prima facie* evidence of their receipt. Meyer v. Krohn, 114 Ill. 574 (586); Young v. Clapp, 147 Ill. 176 (190). In this last case it is said : " Proof of mailing  *  *  *  was *prima facie* evidence that they received it, and no rebutting testimony was introduced to overcome the presumption thereby created."

In the case before us there was no rebutting testimony to overcome the presumption of Thweatt's ownership.

No written propositions to be held as law were presented to the trial court. The only question before us is therefore whether the evidence supports the finding and judgment. Armstrong v. Barrett, 46 Ill. App. 193 (194). I am compelled to believe that it does, and can not therefore concur in the reasoning or conclusions of the majority opinion.