Cross v. Campbell.

---

## James R. Cross v. George A. Campbell and Lizzie Campbell.

1. APPELLATE COURT PRACTICE—*Where No Propositions of Law Are Presented.*—Where no propositions of law are presented to the court below and no questions arise on the trial as to the admissibility of evidence, the only question presented in the Appellate Court is whether the evidence is sufficient to sustain the finding.

2. TENANCY AT WILL—*Tenants Not Entitled to Notice to Quit.*— Tenants at will are not entitled to a notice to quit; a mere demand for possession is all that the law requires.

3. FORCIBLE ENTRY AND DETAINER—*Where Action May be Maintained—R. S., Chap. 57, Sec. 2.*—Where the defendants made a peaceable entry upon premises and unlawfully withheld the possession thereof a plaintiff is entitled to be restored to the same.

**Forcible Entry and Detainer.**—Appeal from the Circuit Court of La Salle County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded with directions. Opinion filed June 8, 1900.

MAURICE T. MOLONEY and JAMES J. CONWAY, attorneys for appellant.

BUTTERS & CARR, attorneys for appellees; WIDMER & WIDMER, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in forcible detainer commenced by appellant against appellees before a justice of the peace and appealed by him to the Circuit Court of La Salle County.

Upon the trial in the Circuit Court a jury was waived and the court found the appellees not guilty. Judgment was thereupon entered in favor of appellees and against appellant for costs. There were no propositions of law presented to the court below and no question arose on the trial as to the admissibility of evidence, consequently the only question presented here is whether the evidence is sufficient to sustain the finding. State Bank of Chicago v. Boyesen, 87 Ill. App. 539.

It appeared from the proofs that appellant and appellee Lizzie Campbell, are brother and sister; that the premises in question were formerly owned by their mother, Catherine Cross, who died November 10, 1899, leaving a will, by which she devised the premises to appellant; that appellant occupied the premises with his mother at the time of her death, and soon thereafter an arrangement was made by which appellees, Lizzie Campbell and her husband, George

A. Campbell, and their family, moved into the premises, and occupied the same with appellant. The principal controversy in the evidence is as to the understanding between the parties under which they all occupied the premises. Appellant testified that soon after his mother's death he said to his sister, Mrs. Campbell, "this leaves me here alone; * * * you are paying rent and if you choose you can come here while we can get along and live together," and that she accepted his invitation and in pursuance thereof, moved into the house with her family. Mrs. Campbell testified that appellant said to her that " his home was broken up and he wished I would come and live with him, come and bring my family and live with him or make our home there, and when he was done with it, it would be ours. * * * He said when spring would come we would build and I could fix it as I wanted to. It would be ours when he was through with it."

Laura Campbell, daughter of appellees, testified that she heard appellant say to her mother that " his home was broken up and he would like to have her come there and make a home for him and bring her family, and when he was dead it would be all hers; she didn't want to go—said house was too small, and he said if she would come there he would let her enlarge it in the spring, and fit it over because it would be hers anyhow."

Appellee George Campbell testified that appellant said to him, " you arrange with Lizzie for her and her family to come down there and make it a home and it will be yours when I am gone." It appears that a short time after these conversations are alleged to have taken place, appellees and their family moved into the house with appellant; that the following spring extensive improvements were made to the house, costing from $1,200 to $1,500, part if not all of which amount was paid by appellees; that the living expenses were paid for by appellant and appellees, the latter paying the greater part; that in 1892 appellant made his will which he delivered to Mrs. Campbell, with directions to keep it and open it after his death; that by said will he devised the

premises in question to appellees during the term of their natural lives, with the remainder in fee to their children, and that afterward trouble arose between them and appellant left the premises. On December 29, 1897, he made a demand for possession of the premises and on the following day commenced this suit.

If from the evidence in this case a tenancy could be deemed to exist at all, it would be a tenancy at will, and as such appellees were not entitled to a notice to quit, a mere demand being all that the law requires under such circumstances. Herrell v. Sizeland, 81 Ill. 457.

We are of opinion, however, that under the agreement by which the parties occupied the premises in question together, there was neither the relation of landlord and tenant nor vendor and vendee existing between appellant and appellees, but there was merely a family arrangement by which all were to live together. Appellant relinquished thereby none of his legal rights of ownership or possession. The only question involved here is the right to possession of the premises. Appellant is the owner of the fee, and the most liberal construction of the evidence in favor of appellees which can be given, fails to show that he has surrendered the right of possession to the premises. If appellees have any rights in and to said premises, they are of an equitable nature and can not be enforced in this suit.

As it appears from the evidence that the appellees made a peaceable entry upon said premises and that they unlawfully withheld the possession thereof, appellant is entitled to be restored to the same. Rev. Stat., Chap. 57, Sec. 2, Second Sub-Div.

The judgment is therefore reversed and the cause remanded, with directions to the court below to enter a judgment in favor of appellant for the possession of the premises in question and costs.