## First National Bank v. Danville Brick and Tile Works.

1. CONSIDERATION—*Exchange of Notes for Bonds.*—A bank held a note against a company and the company wishing to release one of the sureties upon it, proposed to give the bank its bonds in exchange for it, which proposal was accepted and the exchange made. The company afterward paid the interest on the bonds for one year without objection, but making default the next year, suit was brought to recover the interest for that year. The treasurer of the company supposed when the exchange was made that the company was getting a note indorsed by him, while the note actually received was one of the company, which was not indorsed by him, but as he received it without objection, never offering to return it or to rescind the exchange until after the suit was brought, it was held that the facts did not show a want of consideration for the interest on the bonds.

2. PROPOSITIONS OF LAW—*When Not Essential.*—Where a party excepts to a judgment of the trial court and afterward presents a motion in writing for a new trial, on the ground that the judgment is against the evidence, and preserves an exception to the denial of the motion, he is entitled to have the Appellate Court examine and review the questions of fact involved and to determine whether there is any occasion to set aside the finding of the trial court in that respect. It is not essential to such review that propositions of law should have been submitted.

Assumpsit, for interest on bonds. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presid-

ing. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

R. W. Ropiequet and A. S. Wilderman, attorneys for appellant.

O. A. McFarland and Penwell & Lindley, attorneys for appellee.

Mr. Justice Burroughs delivered the opinion of the court.

This was an action of assumpsit by appellant against appellee to recover $300 as interest upon $5,000 of the bonds of appellee held by appellant.

The case was tried in the Circuit Court of Vermilion County, without a jury, by agreement of both parties, resulting in a finding and judgment against appellant. Appellant excepted to the finding and judgment and made a motion in writing for a new trial, in which it was urged (among other grounds) that the finding and judgment were contrary to the law and evidence, but the court overruled the motion and appellant preserved an exception.

Appellant brings this case to this court by appeal and urges a reversal of that judgment on the grounds that the court improperly overruled the motion for a new trial, and contends that the finding and judgment of the Circuit Court are contrary to the evidence.

The evidence shows that one J. G. Shea was the treasurer of The Decatur Brick and Tile Co. of Decatur, Illinois, and that appellant held a note of that company for $5,000 which was also signed by "J. G. Shea, Treasurer, O. Stafford, L. B. Cassner." J. G. Shea, wishing to release L. B. Cassner from liability on this note, proposed to give appellant $5,000 of the bonds of appellee in exchange for the $5,000 note it held of The Decatur Brick and Tile Co., which appellee accepted, and through the intermediation of one Dawson, the exchange was afterward made. After the exchange was consummated, appellee paid to appellant, without objection, one year's interest on these bonds, but

making default the next year, appellant brought this suit to recover the interest for the second year.

The only defense which appellee made on the trial was want of consideration, and the only facts presented to support that defense are that Shea intended, when the exchange was proposed and made, to give appellant the bonds in question for a note of The Decatur Brick and Tile Co. which he had indorsed and which at the time he supposed he had received, while the fact was, the note actually received was one of The Decatur Brick and Tile Co. which he had not indorsed. The note given in exchange, however, was the only note of The Decatur Brick and Tile Co. which appellee possessed, and Shea received it without objection, never returning it to appellant or offering to rescind the exchange that was made until after this suit was brought.

In our opinion these facts do not show a want of consideration for the interest on the bonds sued for, as contended by appellant, there being no evidence that appellant in any way misled or deceived Shea, or his agent, Dawson, into making the exchange. The note of The Decatur Brick and Tile Co., which appellant gave to Shea, was a sufficient consideration for the bonds (and the interest thereon) which appellant received from him, and in the absence of any evidence whatever that the bonds are not valid evidences of indebtedness against appellee, the court improperly found against appellant and committed reversible error when it refused to grant appellant a new trial based upon the ground that such finding is contrary to the evidence. In their printed brief and argument counsel for appellee contend that inasmuch as appellant submitted no propositions of law to the Circuit Court to be passed upon as provided for by section 42 of the practice act, this record does not present any question for the consideration of this court; but we think appellant, having excepted to the judgment of the Circuit Court, and afterward presented a motion in writing to that court for a new trial, on the ground (among others) that the finding and judgment are against the evidence, and having preserved an exception when the motion

was denied, is entitled to have this court examine and review questions of fact and determine whether there is any occasion to set aside the finding of the trial court in that respect, and it is not essential to such review that propositions of law should have been submitted, as we held in Smith v. Dauell, 29 Ill. App. 293.

Being of opinion that the finding and judgment of the Circuit Court are contrary to the evidence we reverse the latter and will remand the cause to that court for another trial.

Reversed and remanded.