## Jennie P. Mullin v. K. Johnson.

1. APPELLATE COURT—*Not Precluded, When.*—The fact that no propositions are presented to the trial court to be held as the law of the case, while it may be assumed that all questions of law were correctly decided, does not preclude the Appellate Court from considering whether the evidence is sufficient to sustain the judgment.

2. APPELLATE COURT PRACTICE—*Under What Assignments of Error the Sufficiency of the Evidence to Support the Judgment May be Reviewed.*—When an exception is taken and preserved to the entry of a judgment, under an assignment of error, that the court erred in rendering the judgment, the sufficiency of the evidence to support such judgment may properly be reviewed.

3. BILLS OF EXCEPTION—*What is a Sufficient Showing that They Contain All the Evidence.*—Where a bill of exceptions shows that upon the day of the trial " the following evidence was taken and proceedings had in the cause," followed by a statement of testimony taken and proceedings had, after which it appeared that " Thereupon the plaintiff rested. Thereupon the defendant rested," and was followed by the finding of the court and rendition of judgment, *held,* to sufficiently show that it contained all evidence given on the trial in the court below.

4. EVIDENCE—*Admissibility of Instruments Without Revenue Stamps.*—The act of Congress requiring certain instruments to be stamped in accordance therewith, is without effect so far as concerns their admissibility as evidence in the courts of this State.

5. PRESUMPTIONS—*Where the Trial is Without a Jury.*—When a trial is before the court without a jury it must be presumed that the court considered only competent evidence.

**Action on Appeal from a Justice of the Peace.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed December 23, 1901.

DUNN & RIPPLE, attorneys for appellant.

FRANK BURKE DRAPER, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellee began a suit before a justice of the peace against appellant and recovered judgment for $100, from which the latter appealed to the Superior Court, where a trial without a jury resulted in a finding for a like amount

in appellee's favor and judgment thereon, from which this appeal is taken.

Certain preliminary questions are raised by appellee:

1st. That no propositions of law were presented to the trial court to be held as law in the case, by reason of which, it is claimed, all questions of law were correctly decided by the court. This may be assumed to be true, but we are not thereby precluded from considering whether the evidence is sufficient to sustain the judgment. Cross v. Campbell, 89 Ill. App. 489; State Bank v. Boyesen, 87 Ill. App. 539; Smith v. Dauel, 29 Ill. App. 293; First Nat'l Bank v. Daville Brick & T. Works, 91 Ill. App. 116.

2d. It is claimed that the first assignment of error, viz., "the court erred in rendering judgment for the appellee herein, the plaintiff below," does not question the sufficiency of the evidence to support the judgment. We think otherwise. An exception was preserved to the entry of the judgment, and this assignment of error questions the holding of the court in that regard. Jones v. Buffum, 50 Ill. 278; Sands v. Kagey, 150 Ill. 109–14; Force Mfg. Co. v. Horton, 74 Ill. 310; Village of Hyde Park v. Cornell, 4 Ill. App. 602; Brettman v. Braun, 37 Ill. App. 17; Martin v. Foulke, 114 Ill. 206; Metcalf v. Fouts, 27 Ill. 114; I. C. R. R. Co. v. O'Keefe, 154 Ill. 511.

3d. It is said the bill of exceptions does not purport to contain all the evidence. We think the contention can not be sustained. In Harris v. Miner, 28 Ill. 135–8, the court in speaking on this question say:

"It is immaterial whether that fact appears from an express averment to that effect in the bill of exceptions, or is manifested in any other way. All that the court requires is to be satisfied that it has before it all the testimony upon which the judgment is to be predicated."

In Marine Bank v. Rushmore, 28 Ill. 463–70, the Harris case is re-affirmed, and it was held that a bill of exceptions was sufficient which, after reciting the evidence, stated that "the testimony here closed." This the court held was equivalent to an express averment that the bill of excep-

tions contained all the evidence heard in the cause, and further said:

" In practice, testimony is never considered closed until all the evidence is heard."

In People v. Henckler, 137 Ill. 582, the rule above stated is re-affirmed, as are also the cases cited *supra.*

Here the bill of exceptions shows that upon the day of the trial " the following evidence was taken and proceedings had " in the cause. Then follows a statement of testimony taken and proceedings had in the cause, after which appears the following:

" Thereupon the plaintiff rested. Thereupon the defendant rested."

Then follows the finding and judgment of the court, exception thereto, prayer for appeal and certificate of the presiding judge. We think it apparent that the bill of exceptions contains all the evidence given on the trial below.

The action was brought upon the following instrument in writing, to wit:

" CHICAGO, April, 1900.

This is to certify that Captain Johnson agrees to settle with Mrs. Jennie P. Mullin under the following conditions:

Mrs. Mullin agrees to pay this day (April 14th) $100 to Captain Johnson. On the 15th day of July she agrees to pay him $100 more, providing he has not obtained a position as captain on some vessel.

[Signed]     JENNIE P. MULLIN,
                    CAPT. K. JOHNSON."

The evidence of the appellee himself shows that on the 8th or 9th day of May, 1900, he sailed the vessel " Bertha Barnes," as its captain, and continued so to do up to the 10th of July following, when he was relieved by the owner, who desired to sail the vessel himself. During the fall of the same year, in November, he sailed another vessel for one month. From this evidence it seems to us clear that the contingency or condition prescribed in the above agreement, upon which appellant became liable to pay appellee $100, did not arise. Appellant, by the agreement, was to pay

appellee $100 more, " providing he has not obtained a position as captain on some vessel " by the 15th of July.   He did obtain such a position and held it for more than two months before July 15th.   We think this relieved appellant from any liability.   The argument of appellee that the contract means that he should obtain a position as captain of a vessel to command and sail for the season, is not justified by the wording of the agreement or any evidence in the case.

Appellant claims that the court erred in admitting in evidence the agreement above quoted, because it bore no revenue stamp, in accordance with the act of Congress. There was no error in this regard.   In American Fruit Growers' Union v. Standard Box Factory, opinion filed October 10, 1901, not reported, we held that the act of Congress requiring certain instruments to be stamped in accordance therewith, was without effect so far as concerns their admissibility in evidence in the courts of this State. See the cases there cited, as also the case of National M. A. Assn. v. Seed, 95 Ill. App. 43.

Other questions as to the admissibility of evidence are presented by the argument of appellant, which we deem it unnecessary to consider, since the trial was before the court without a jury, and it must be presumed that the court considered only competent evidence.

Because the evidence is, in our opinion, insufficient to sustain the judgment, it is reversed and the cause remanded.