## Elmer McCurdy v. The Alaska and Chicago Commercial Company.

1. CUSTOMS—*When To Be Specially Pleaded.*—A custom introduced as an affirmative defense or for the purpose of recoupment, must be specially pleaded.

2. SAME—*Not To Be Set Up in Opposition to Positive Law.*—A custom can not be set up in opposition to positive law.

3. PLEADING—*What Is Admissible Under the General Issue.*—In an action for wages the defense of a good cause for discharge can be made without a special plea, and is admissible under the general issue.

4. FOREIGN LAWS—*To Be Pleaded and Proved.*—When a foreign law is relied upon, either for the recovery of a right or as a defense, such law must be pleaded and proved.

5. COMMON LAW—*Does Not Prohibit Labor on Sunday.*—The common law as adopted in this State does not prohibit the citizen from pursuing his ordinary labor on Sunday.

6. CONTRACTS—*Contemplating Labor on Sunday, Valid.*—A contract which contemplates labor on Sunday, not tending to disturb the peace and good order of society and not constituting a violation of the criminal code, is valid and enforcible.

7. SAME—*Made with Reference to Customs.*—All contracts are presumed to be made with reference to existing customs, unless such customs are excluded by the terms of the contract, and the parties will be held as intending that the business shall be conducted according to such customs.

Assumpsit, for wages. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed May 22, 1902.

The declaration sets forth a contract of employment, in which it is agreed that appellant should work for appellee from May 15, 1900, to October 15, 1901, at a salary of $60 per month, with board, transportation, etc.; that appellee wrongfully discharged appellant July 22, 1900, and has refused to pay to him any wages since the date of such discharge.

The plea of the general issue is interposed.

The material parts of the written contract referred to in the declaration, so far as this suit is concerned, are:

"Party of the first part also agrees to furnish, free of charge to the party of the second part, transportation to Alaska or such place as the party of the first part may direct the party of the second part to go, together with the necessary food during such trip; the transportation to be under the direction of the party of the first part and to such point as the party of the first part may elect."

"In consideration of the foregoing, the party of the second part agrees to labor for and perform services for the party of the first part during the period above named, hereby agreeing that during said period the party of the second part will devote all his time and energy for the benefit of the party of the first part, and will at all times respond to all reasonable demands made upon him by the party of the first part, its officers, agents or attorneys, and will do each and every act in his power to comply with all reasonable demands so made upon him by the party of the first part, recognizing that during said period he may be required to perform services in a climate entirely different from that which the party of the second part is used to, and under conditions entirely at variance with conditions heretofore enjoyed by the party of the second part."

Then follows an enumeration of the labor appellant shall perform. By a subsequent agreement, of the same date, the services of appellant were confined exclusively "to the prospecting and discovering of minerals" * * "at such point or points to which the party of the second part may be directed."

Appellant was sent to Nome, Alaska, by appellee. He, with other employes, reached there June 18, 1900, and was engaged in prospecting from that date until his dis-

charge, July 22, 1900.   The Sundays preceding the last date, the men, including appellant, had worked without objection. On this date, being Sunday, appellant and three other men were idle.   The foreman asked them what was the matter, why they were not working, "and we told him," appellant testified, " that it was Sunday and we wanted to rest, and he said, ' I discharge you right now.' "   *   *   * " He said he discharged us because we wouldn't work on Sunday."

The jury was waived and cause submitted to court. Judgment for plaintiff in the sum of $49, the wages due and unpaid at the time of his discharge, from which judgment he appealed.

MERRIAM & PHELPS, attorneys for appellant.

LACKNER, BUTZ & MILLER, attorneys for appellee.

MR. JUSTICE BALL delivered the opinion of the court. Counsel for appellant say in their brief :

" It is not questioned by either party that the discharge was, nominally, for refusal by the plaintiff to work on Sunday.   If the contract required him to work Sunday, he was rightfully discharged and the judgment appealed from is right.   If the contract did not require him to work Sunday, the judgment is wrong, and appellant is entitled to a reversal."

Evidence of the alleged custom in Alaska to work Sundays as well as week days, was offered by appellee against the objection of appellant, under the general issue, without any plea setting up such custom.   When the custom is introduced as an affirmative defense, or for the purpose of recoupment, it must be specially pleaded.   (Leggat v. Sands Ale Brewing Co., 60 Ill. 158–163.)   But the defense of a good cause for discharge can be made without special plea, and is admissible under the general issue.   Hoffman v. World's Columbian Exposition, 55 Ill. App. 290; Connolly v. Bruner (W. Va.), 35 S. E. Rep. 927, 934.

It is claimed that a custom can not be set up in opposition to positive law.   This is true.   In order to show what

McCurdy v. Alaska & Chicago Commercial Co.

the law of Alaska was and is in this regard, appellant quotes in his brief Sec. 141 of Chap. 8, Laws of Alaska. Granting the existence of that statute, and its application to this case, which last is very doubtful, a conclusive answer is that no such law is mentioned in the pleadings, nor was any evidence of it given on the trial. When a foreign law is relied upon, either for the recovery of a right or as a defense, the law must be pleaded and proved. Chumasero v. Gilbert, 24 Ill. 293.

There being no legal proof of the law of Alaska, we are bound to infer that the common law governs in that territory. The common law, as adopted in this State, does not prohibit the citizen from pursuing his ordinary labor on Sunday. Eden v. People, 161 Ill. 296–300.

In Collins Ice Cream Company v. Stephens, 189 Ill. 200, Stephens was discharged because he would not work on Sunday. The evidence showed that it was the custom in the ice cream trade to work on Sunday as well as on week days. *Held*, that the discharge was lawful, the court saying :

" By the contract plaintiff agreed to devote his entire time and attention to the business of the defendant, and the contract is presumed to have been made with reference to the usual custom of that kind of business. Whether he would be bound to work on Sunday would depend upon the manner of conducting the business and the established custom. A contract which contemplates labor on Sunday, not tending to disturb the peace and good order of society, nor constituting a violation of the criminal code, is valid and enforceable."

It is to be noted that appellant, by his contract, agreed to work anywhere, and in a climate entirely different from that which appellant was accustomed to, and under conditions entirely at variance with conditions theretofore enjoyed by appellant. In other words, he agreed to work under the customs of any place or country which the appellee should select and to which the latter should send him.

Whenever the words of a contract have, by usage or local custom, a peculiar meaning, that meaning may be

shown by parol evidence. The admission of this evidence is not for the purpose of varying the effect of a written contract by parol, but to explain the meaning of the words used in the contract. Leavitt v. Kennicott, 157 Ill. 235.

Where the custom is general and well established, it is immaterial whether or not the parties know of the existence of it, for they must be presumed to be familiar with it. All contracts are presumed to be made with reference to existing customs, unless they are excluded by the terms of the contract, and the parties will be held as intending that the business shall be conducted according to such customs. (Chisholm v. Beaman Machine Co., 160 Ill. 101, 113.) The court found that in the year 1900, at Nome, Alaska, there was a general and well established custom with reference to Sunday labor. We think this finding is fully sustained by the evidence.

There being no reversible error in this record, the judgment of the Circuit Court is affirmed.